# REPORTS

OF

# CASES ARGUED AND DETERMINED

AT THE

## JANUARY TERM, 1849.

### PERKINS *vs.* MOORE, Judge, use, &c.

| 16 | 9 |
|---|---|
| 104 | 210 |
| 16 | 9 |
| 123 | 144 |

1. A legatee or distributee of an estate, after a decree in the Orphans' Court, on final settlement, for the sum ascertained to be due him, may maintain an action on the administration bond against the executor or administrator and his sureties.
2. A declaration on an administration bond, after final decree in the Orphans' Court against the executor, which avers the bequest, the rendition of the final decree in favor of the plaintiff, and the refusal of the executor to pay, is sufficient.
3. A plea of former recovery, which discloses the fact that the former judgment was not a judgment on the merits, is bad on demurrer.
4. The Judge of a County Court cannot sue, in his own name *alone*, on the bond of an executor or administrator. The suit must be in his name for *the use* of the person aggrieved.
5. Where a testator makes a pecuniary bequest, with the direction, that it "be kept and loaned out upon interest by my executors," until the happening of a certain event, then to be divided between the legatees, the executors will be considered as holding the fund *as executors*, and not *as trustees*.
6. An executor will be presumed to hold a legacy as executor, unless it clearly appears from the will, that the testator intended that he should hold in a different capacity.
7. If an executor, invested by the will with power over a legacy, *as trustee*, and not *as executor*, comes into possession of it in his representa-

tive capacity, his election afterwards to hold it *as trustee* must be manifested by some plain and unequivocal act, indicating such intention.

8. The decree of an Orphans' Court against an executor or administrator on final settlement, in the absence of fraud, is conclusive both as to him and his securities.

Error to the Circuit Court of Tuskaloosa County. Tried before Hon. John D. Phelan.

DEBT by the defendant against the plaintiff in error. The declaration alleges, that the plaintiff in error, with Edward B. Elliott, Thompson Windham, Enoch Elliott and William Y. Glover, executed their writing obligatory as follows : " Know all men by these presents that we, Edward B. Elliott and Thompson Windham, as executors of John Spencer, Hardin Perkins and Enoch Elliott, as securities for Edward B. Elliott, and John Cummins and William Y. Glover, as securities for Thompson Windham, are held and firmly bound unto Hume R. Field, Judge of the County Court of Tuskaloosa County, and his successors in office, in the penal sum of thirty thousand dollars; to the payment of which they bind themselves, their heirs, executors and administrators; sealed and dated the 24th day of January, 1827. Now the condition of the above bond is such, that whereas the above bounden Edward B. Elliott and Thompson Windham, have been duly appointed executors of the last will and testament of John Spencer, deceased: Now, if they shall well and truly perform all the duties that are, or may by law be required of them, then the above bond to be void, otherwise to remain in full force and effect."

The declaration avers, that John Spencer duly made his last will and testament, which was admitted to probate after his death; that Edward B. Elliott and Thompson Windham, with one Marr, were appointed executors thereof, and that letters testamentary were duly issued to said Edward B. Elliott and Thompson Windham, who gave the bond refered to, and took upon themselves the duties of executors. It also avers, that the testator, by his last will, amongst other legacies, gave to his two grand-children, Henry W. Spencer and Sarah Jane Spencer, who has since intermarried with one Massey, for whose use this suit is brought, one-eighth part of the resi-

due of his estate, to be kept and lent out by his executors, until the said Henry W. Spencer, or the said Sarah Jane, should marry or become of age, and then to be equally divided between them. It further avers, that afterwards, on the 14th day of January 1831, a final settlement and distribution of the estate of the testator, was had in the Orphans' Court of Tuskaloosa county, and that on said settlement it was ordered and decreed, that Edward B. Elliott, executor as aforesaid, pay to Sarah J. Spencer 567 97-100 dollars, as by the record of said final settlement and decree remaining on file will more fully and at large appear. The declaration further avers, that a large amount of assets came to the hands of the executors, more than sufficient to satisfy said decree, and which were liable to pay the same, but that said Edward B. Elliott had failed to pay said sum of money, named in said decree, and had removed from the State to parts unknown—whereby the defendant had become liable, &c.

To this declaration there was a demurrer which was overruled, and the defendant then craved oyer of the bond, and filed twelve pleas, which were demurred to and the demurrers sustained. The pleas, so far as it is necessary to notice them, are set out in the opinion of the court. The several rulings of the court are assigned as error.

Porter, for plaintiff in error.

1. The allegation of money, ascertained by decree to be due by the administrator to the distributee, is not a sufficient breach. Mitchell v. Connolly, 1 Bail. 203.

2. Suit cannot be sustained against sureties of an executor on the bond, at the suit of the distributee, without a judgment against the administrator. Jones v. Anderson, 4 McCord, 113.

3. A legatee cannot recover against the surety a sum decreed, unless other proceedings be had as evidence of waste of assets by administrator, which should have been applied to the legacy. 1 Lomax on Ex'ors, 179; Taylor v. Stewart, 5 Call. 520; Hairston v. Hughes, 3 Munf. 568.

4. The declaration should have avered a settlement, and a sufficient amount of assets on hand, after the payment of all debts.

5. A devastavit should be established, either by decree, or

by a separate suit ; and a refunding bond tendered.   3 How.
M. R. 257, Carmichael v. Browder.

6. The decree set out  here, did not authorise a suit on the
bond.   What is shewn is no breach of it.   Vick v. House, et
al. adm'r, 2 Howard, M. R. 617 ; Judge, &c. v. Phipps, 5
Howard, M. R. 59.

7. The ·court unquestionably erred in overruling the several
pleas of defendant.   The pleas are  good in themselves, and
the court could not say on the issues before it, they could not
be sustained by proof.

　　PECK, contra.

　　DARGAN, ·J.—We consider it settled by the decisions of
this court, that a  legatee or  distributee  may sue the  executor
or administrator and his  securities on the bond, to recover· a
legacy or distributive share after a final settlement of the es-
tate has been made in the Orphans' Court, and the amount due
to such legatee or distributee ascertained by the decree of the
court and ordered to be paid.    Judge of the County Court of
Madison v. Looney, et. al. 2 Stew. & Por. 70 ; Judge of the
County Court of Limestone v. French, 3 Stew. & Por. 263 ;
Same v. Coalter, 3 do. 348.    And  when we reflect that the
Orphans' Court has full  jurisdiction to make final settlements
of decedents' estates, and to  decree the payment of  the assets
to those entitled, either as distributees or  legatees, it  must be
apparent that when such decree is rendered, it is conclusive
on the administrator ; and if he then refuse to pay the amount
thus ascertained, such refusal must be a breach of the condi-
tion of his bond, which is, that he will  perform all the duties
required of him by law· as such executor—and  if there has
been a breach of  the bond, and the amount ascertained to
which the party aggrieved by the breach is entitled, by a judi-
cial proceeding, to which the administrator was a party,
there can be no reason for requiring further proceedings, be-
fore the bond can be put in suit.   This view shows, that the
declaration is sufficient, as it alleges the bequest, the rendi-
tion of the final decree in favor of the plaintiff, and the refusal
to pay.

　　The next questions arise on the sufficiency of the pleas,

which were demurred to, and to which demurrers were sustained.

The first plea alleges, that at the March Term of the Circuit Court of Tuskaloosa County, A. D. 1841, Marmaduke Williams, then Judge of the County Court of Tuskaloosa, impleaded the said defendant and Edward B. Elliott, the executor, in a certain action of debt to his damage ten thousand dollars, founded on the identical same writing obligatory and condition, in the plaintiff's declaration *described*, and declared on the same writing obligatory by the description of Marmaduke Williams, Judge of the County Court of Tuskaloosa County, and successor in office of Erasmus Walker, &c.; and in his said declaration, assigned the same breaches mentioned in the declaration in this behalf; to which, the defendants filed a general demurrer, and thereupon such proceedings were had, that, by the judgment of said Circuit Court, it was considered that the demurrer be sustained, and the defendant go hence, &c.

A demurrer admits all the facts well pleaded, and demands the judgment of law arising on those facts; and when the judgment is pronounced it must be conclusive upon the parties, and as effectually determine the litigation as if judgment had been rendered on verdict. But if the demurrer be sustained for some defect in the pleadings, and judgment is not pronounced on the merits of the case, then there has been no judgment on the facts or merits, and consequently the demurrer which was sustained, because of defect in the pleadings, can form no bar to a subsequent action. See 1 Chitty's Plead. 198. So if a declaration in assumpsit is bad, and the defendant, instead of demurring, plead an insufficient plea, to which the plaintiff demurs, and judgment is given against plaintiff because of the insufficiency of his declaration, and the plaintiff afterwards sue and declare *aright*, to which the defendant pleads the judgment on demurrer to the former suit, reciting the record in *hæc verba*, this is not a good plea, for, without question, the plaintiff having committed a mistake in his first declaration may set it right in a second action. Bac. Abridg. Vol. 7, Tit. Pleadings, page 636. From these authorities, it is manifest that the plea of judgment in a former suit upon demurrer, must show, that the judgment was pronounced on the merits of the case; for the plea is a bar only

when the judgment was rendered on the *merits.* If the plea therefore set forth the record of the former suit, and it is apparent that no judgment could have been rendered for the plaintiff, owing to the defective manner in which the suit was brought, or the pleadings made up, without regard to the merits, the plea is bad, for it creates no bar to the action. The record set forth in this plea, shows that the suit was brought by Marmaduke Williams, the Judge of the County Court of Tuscaloosa County; but it does not show that it was brought for *the use* of any one. The Judge of the County Court cannot sue in his own name and recover of an executor and his securities for a breach of *the bond;* but the party injured alone can sue, and the suit must be in the name of the County Judge *for his use.* It is clear that a suit in the name of the County Judge alone, and not for *the use* of any one, is no bar to a suit for the use of the party aggrieved. The demurrer to the first plea was, therefore, properly sustained.

The 6th plea sets out the will *verbatim,* and avers, that by the will, the executors were appointed trustees, to keep the legacy bequeathed to the plaintiff for her use and benefit, and that said legacy did not come to the possession of said executor, as executor, but as trustee. The portion of the will that gives rise to this plea, is in the following language: " The remaining part of my estate, after paying my debts, and the special bequests herein stated, shall be divided as follows : 1. Henry Spencer and Sarah Jane Spencer, children of my son John Spencer, shall have one-eighth part, to be kept and loaned out upon interest *by my executors,* until either may marry or arrive at lawful age, then said eighth part to be equally divided between them." We do not think that the testator designed that his executors should take and hold this legacy freed from their character as executors. The legacy *is not bequeathed* to them in trust, nor can they claim any title to it, but in their character as executors. The power given to them to lend it out upon interest is given to them as executors, and we do not think they could claim to exercise that power in any other character or capacity. The correct rule on this subject is, that the executor shall be considered as holding the legacy in his character as executor, unless it clearly appears from the will, that the testator intended that it should be held by him as

trustee and not as executor. See 10 Gill. & Johnson, 27. But even if it were conceded that the executors by this will were clothed with power over the legacy as trustees, independent of their character as executors, and after they had elected to hold the legacy as trustees, and not as executors, that their liability as executors ceased, and their securi-ties discharged from further responsibility—yet it is manifest that they can come into possession of the funds only as executors in the first instance, and it is in that character and in that alone, that the assets came to their possession—and it was in that character the final settlement was made, and we could not infer that they elected to hold the legacy in their *character of trustees*, and *not as executors*, unless there be some act done by them, clearly indicating the intention to hold as trustees, and not as executors. Before we could pronounce that the executors held the legacy as *trustees*, we must be able distinctly to see, that they looked upon the fund not as assets of the estate, but as a legacy in their hands *as trustees* for the use of the legatee. If, therefore, the executors had been appointed trustees by the will, independent of their character as executors, and they had elected to hold the legacy as trustees and not as executors, and after this election, the fund had been lost, the securities would not have been liable for their default as trustees merely ; but that they have elected to hold the fund as trustees, and not as executors, must be made to appear by some plain and unequivocal act; and as there is no act, from which the intention to hold the fund as trustees could be infered, we could not pronounce that they ever did intend to hold it as trustees. We know they *received it as executors*, and if they held it in any other capacity, it should have been made distinctly to appear by some act plainly manifesting that intent. 9 Metcalf's Reports, 525. We come therefore to the conclusion, that the will does not clothe the executors with the character of trustees, independent of their character as executors, and even if it did, that the plaintiff in error would be responsible for any default previous to some act that would make manifest the intention to hold *as trustees*, and *not as executors.* The plea therefore, in any point of view, was insufficient.

The 7th plea avers, that at the time of making the settle-

ment and the rendition of the decree, the executor had fully
administered all the assets that had come to his hands, in the
payment of debts and legacies, which were to be paid before
the legacies bequeathed to the plaintiff. In the case of Wil-
liams v. Howell, 4 Alabama Reports, 693, this court held,
that a surety of an administrator in the absence of fraud
was concluded by a settlement made with his principal in the
Orphans' Court. In that case, the securities filed 'a bill for
relief, alleging that the administrator, in his settlement, did not
credit himself with amounts to which he was entitled, and that
these credits were omitted with the intent to swell the distri-
butive shares of each distributee; and that the administrator
was insolvent. The proof however failed to establish any
fraud in the settlement, and the court said, " that it was the
duty of the administrator to settle his accounts in the Orphans'
Court, and if in the performance of this duty a sum of money
is ascertained to be due from him to the estate, and a decree
is rendered against him, that both the administrator and his
securities are concluded by it." The court relied on the au-
thority of the case of Townsend & Gordon v. Everett, 4 Ala.
607, in which it was held, that a security of a County Treas-
urer, was bound by the annual settlements made by his prin-
cipal, and his statements made to his successors in office,
showing the amount of public money in his hands, because
the law required him to do those acts. Under the influence
of these decisions, we must hold, that in as much as the law
requires executors and administrators to make final settle-
ments of the estates they represent, that the decrees rendered
by the Orphans' Court upon such settlements are conclusive,
alike on the administrator and his securities, unless success-
fully impeached for fraud. The demurrer to the 7th plea was
properly sustained, as this plea contains no allegation of fraud
in the settlement and decree of the Orphans' Court.

These are the only pleas that have been attempted to be
sustained in the argument of counsel, and we do not think it
necessary to examine the others at length. We see no error
in sustaining the demurrer to them, and the judgment must be
affirmed.