# McCall *v.* Jones.

*Special Action on the Case for Damages, against Purchaser of Crop with Notice of Lien.*

1. *Conclusiveness of judgment as bar to another suit.*—The rule of *res adjudicata*, or former recovery, is confined to those cases in which the parties are the same, the subject-matter the same, the identical point directly in issue in each, and the judgment in the first suit rendered on that point; and it is essential, also, that the former judgment was rendered on the merits of the case.

2. *Same; what is decision on merits; misjoinder and nonjoinder.*—It is not always easy to determine what issues may be considered as involving the merits of the case; but it seems to be generally conceded, that when the suit is defeated on the single ground of a misjoinder or nonjoinder of parties plaintiff, the judgment is not a decision on the merits, and is not a bar to another suit.

3. *Same.*—An action by husband and wife as joint plaintiffs, to recover damages for the conversion of property belonging to the wife's equitable estate, which had been reduced to possession, having been defeated on the ground that there was a misjoinder of parties plaintiff, the judgment is not a bar to a subsequent action by the husband alone, suing as trustee; though, *it seems*, if the first action had proceeded to judgment on the merits, the question of misjoinder not being raised, the judgment would be a bar to the second action.

APPEAL from the Circuit Court of Lowndes.

· Tried before the Hon. JOHN MOORE.

This action was brought by Tristam B. McCall, "as husband and trustee of Laura A. McCall, his wife," against John W. Jones; and was commenced on the 1st June, 1882. The complaint contained only a single count, claiming two hundred dollars as damages, " for this : that (to-wit) on 1st December, 1881, defendant received and took from one Peter Patton about eighty bushels of corn, and about three hundred pounds of seed-cotton, worth, to-wit, one hundred dollars; on which said corn and cotton, plaintiff avers that said Laura A McCall, who is plaintiff's wife, had, at the time the same was so taken, a lien for money,

provisions, and necessary teams to make a crop, which plaintiff, as such trustee, avers were advanced by said Laura A. McCall as landlord, to said Peter Patton, to enable him, said Patton, to make a crop on land rented by him from said Laura A. McCall in 1881; and plaintiff, as trustee as aforesaid, avers that said Laura A. rented to said Patton, for the year 1881, to-wit, thirty acres of land, which plaintiff avers was and is a part of the equitable separate estate of the said Laura A.; and plaintiff, as such trustee, avers that said advances were made to said Patton for the sustenance and well-being of said Patton or his family, or for preparing said rented land for cultivation, or for cultivating, gathering, saving or handling the crop grown on said rented land for market; and plaintiff further avers, that said cotton and corn, so taken and received by the defendant, was raised on said land so rented by said Patton from said Laura A. McCall in the year 1881; and that plaintiff, as husband and trustee of said Laura A., had a lien thereon for said advances; and that said defendant, well knowing that said sum for advances was so due to plaintiff as husband and trustee of said Laura, and that plaintiff had a lien therefor on said corn and cotton, took and received said corn and cotton, and converted the same to his own use, thereby depriving plaintiff, as husband and trustee of said Laura A., thereof; to their great damage, two hundred dollars. And plaintiff further avers, that said advances due by said Patton were and are part of the equitable separate estate of the said Laura A., who is a married woman, and is the wife of plaintiff; and he sues as husband and trustee of his said wife."

The defendant filed a special plea in bar, as follows: That on the 9th December, 1881, said Laura A. McCall, the identical person who is named in the present suit, caused to be sued out of this court against the said John W. Jones, the defendant in the present suit, a summons and complaint, a copy of which is hereto attached as a part of this plea, marked *Exhibit A ;* which said summons and complaint were duly served on this defendant; and afterwards, at the last term of this court, said cause coming on to be tried, and both parties having announced themselves ready, the plaintiff moved the court to amend the said summons and complaint by making T. B. McCall a party plaintiff, and by striking out of the complaint then before the court the averment that the damages sued for are the separate statutory estate of the said Laura A. McCall; which motion was allowed by the court, and said amendment was made; and afterwards, on the same day, the parties in said cause thereupon came, and the defendant pleaded not guilty to said complaint, and the parties joined issue on said plea, and the cause was tried by a jury, who rendered a verdict in favor of the defendant in said cause; and thereupon the court rendered judgment on said verdict, in

24

[McCall v. Jones.]

favor of the defendant, that he go hence, &c.; all of which will more fully appear by a copy of said judgment-entry, hereto attached as a part of this plea, marked *Exhibit B;* which said judgment remains of record in full force, not reversed, nor set aside. And the defendant avers, that the said T. B. McCall, named as plaintiff in said former suit, is the same person who is the plaintiff in the present suit; that the causes of action in said former suit are the same identical causes of action mentioned in the summons and complaint in the present suit, and none other; that the lien sought to be enforced in the present suit, and the conversion alleged in the present suit, are the same identical lien and the same conversion mentioned and alleged in said former suit, &c.

The complaint in the former action, as set out in the exhibit to the plea, is entitled "*Laura A. McCall,* plaintiff, v. *John W. Jones,* defendant," and in these words: "The plaintiff claims of the defendant two hundred dollars damages, for that, to-wit, on 1st December, 1881, defendant received and took from one Peter Patton eighty bushels of corn, and, to-wit, about three hundred pounds of seed-cotton, worth, to-wit, one hundred dollars; on which cotton and corn, plaintiff avers that she then had, at the time the same was so taken, a lien for advances in necessary teams and provisions, which plaintiff avers were made by her as landlord to said Patton to make a crop in 1881; and plaintiff avers that she rented, to-wit, thirty acres of land to said Patton for the year 1881, and advanced to him in teams and provisions, to-wit, two hundred dollars; and that said corn and cotton was raised on said land so rented by plaintiff to said Patton; and that said advances being due, and said defendant knowing the same was due, and knowing that plaintiff had a lien thereon for said advances, received the same, and converted the same to his own use, thereby depriving plaintiff thereof; to plaintiff's damage, two hundred dollars. Plaintiff avers, that said advances due by said Patton are her statutory separate estate under the laws of Alabama, she being a married woman."

The judgment-entry, as shown by the exhibit, was as follows: "Came the parties, by their attorneys, and the plaintiff moves the court to amend the summons and complaint, by making T. B. McCall a party plaintiff, and by striking out of the complaint the averment that the damages sued for are the separate statutory estate of the said Laura A. McCall; which motion is granted. Thereupon came a jury," &c., "who, being impanelled and sworn according to law well and truly to try the issue joined between the parties, on their oaths say, 'we, the jury, find for the defendant.' It is therefore considered by the court, that the defendant go hence," &c.

There was a demurrer to this plea, which the court overruled,

and the plaintiff then filed three replications to it; the first alleging, that the verdict and judgment in the former action "was rendered upon the sole question, whether the parties plaintiff in said suit could maintain said suit, the testimony showing that the property injured was the equitable separate estate of the said Laura McCall, and no other question was involved or decided in said suit;" the second, that the instrument produced and read in evidence on the trial of the former suit, as showing the plaintiff's title, showed that Mrs. McCall's estate in the property was an equitable separate estate, and thereupon the court charged the jury that the plaintiffs could not recover in that action, and the jury returned a verdict for the defendant, and no other issue was involved or decided; and the third, that the only issue involved or tried in the former suit was the right of the plaintiffs, under the amended complaint, to recover for the conversion of the property shown by the evidence to belong to the equitable separate estate of Mrs. McCall; and that the court having excluded from the jury, as evidence, the deed under which she claimed the property, and which was set out in the replication, "plaintiffs thereupon refused to proceed further, and thereupon the jury rendered the verdict set up in said plea, and no other evidence was submitted to said jury, and no other issue was submitted to them, or tried by them." The court sustained a demurrer to each of these replications; and issue being joined on the plea, allowed the record of the former judgment to go to the jury as evidence supporting it; to which ruling an exception was reserved by the plaintiff.

The rulings of the court on the pleadings, and the admission of the record as evidence, are now assigned as error.

R. M. WILLIAMSON, and COOK & ENOCHS, for appellant, cited *Pickens v. Oliver*, 29 Ala. 528; *Bolling v. Mock*, 35 Ala. 727; *Holley v. Flournoy*, 54 Ala. 99; *Bigelow v. Winsor*, 1 Gray, Mass. 299; *Benz v. Hines*, 3 Kan. 397; Freeman on Judgments, 252.

WATTS & SONS, contra, cited *O'Neal v. Brown*, 21 Ala. 282; *Michan and Wife v. Wyatt*, 21 Ala. 813; *Lewis v. Waring*, 53 Ala. 618.

SOMERVILLE, J.—The rule of *res adjudicata*, or former recovery, is confined to those cases where the *parties* to the two suits are the same, the *subject-matter* the same, the *identical point* is directly in issue, and *the judgment has been rendered* in the first suit *on that point.—Gilbreath v. Jones*, 66 Ala. 129; 2 Smith's Lead. Cases, 609 [573]; Freeman on Judg. § 258. It is not only essential that the issue, or point in question, must

[McCall v. Jones.]

either have been *actually decided*, or *necessarily involved* in the first case, but the first judgment, sought to be pleaded in bar in the second suit, will not be available as a defense, unless it was a judgment on *the merits of the case.—McDonald v. Mobile Life Ins. Co.*, 65 Ala. 358; Freeman on Judg. § 460; 1 Greenl. Ev. § 528; *Hutchinson v. Dearing*, 20 Ala. 798. And it is, furthermore, now settled, that if the issue in the first trial was broad enough to cover that in the second, extrinsic or parol evidence, which is not contradictory of the record, is admissible to show that the matters involved or decided were the same.—*Chamberlain v. Gaillard*, 26 Ala. 504; Wells' *Res Adj.* 252, § 297; Freeman on Jqdg. §§ 260–263.

As to what issues may be considered as involving the merits of a case, it is not always easy to determine. But it seems generally to be conceded, that where a suit has been defeated for *non-joinder or misjoinder of parties plaintiff* before the court, a judgment rendered alone on this ground can not be considered as a decision on the merits.—Freeman on Judg. §§ 263, 266; 2 Smith's Lead. Cases, 673; Wells' *Res. Adj.* p. 15, § 19, p. 361, § 440, p. 384, § 455; *Vaughan v. O'Brien*, 57 Barb. (N. Y.) 491; *Hughes v. United States*, 4 Wall. 237; *Miller v. Maurice*, 6 Hill, 114; *Hill v. Huckabee*, 70 Ala. 183.

It is evident that, in view of this principle, the court erred in ruling that the judgment rendered in the first suit was a bar to the present action. The first suit was brought by the wife, Mrs. Laura McCall, alone, but was amended so as to join, as a co-plaintiff, her husband, Tristam B. McCall, who sues as sole plaintiff in the present action. We thus had the case presented, of husband and wife suing at law, as joint parties plaintiff, for what the evidence disclosed to be the wife's equitable separate estate, which had been previously reduced to possession. It is clear, therefore, that the first suit could only have been instituted by the husband in his own name alone, and that the wife was improperly joined with him.—*Pickens v. Oliver*, 29 Ala. 528; *Gerald v. McKenzie*, 27 Ala. 166. The fact is clearly averred in the pleadings, and is admitted by appellee's demurrer, that the cause went off upon the point, expressly adjudged by the court, that the husband and *wife* could not *jointly* maintain such an action. The issue decided, therefore, was one of misjoinder of parties plaintiff, involving their capacity to sue, rather than the non-existence of a meritorious cause of action in behalf of a proper plaintiff. Although the husband may have had, on the merits of the case, a good cause of action, fully sustained by the evidence; yet the action must, of necessity, have failed, because of the rule that, where several persons sue jointly as plaintiffs, they must show a joint cause of action against the defendant, and all must recover or none can

[Harold Brothers & Scott v. Weaver.]

do so.—*McLeod v. McLeod*, at present term; *James v. James*, 55 Ala. 520; *Hardeman v. Sims*, 3 Ala. 747.

There are no two opinions about the legal proposition, that the *same issue must be presented* in both suits, in order that there should be a bar, or else the former adjudication can not be conclusive between the litigants.—Wells' *Res Adj.* 240, § 282; *Beadle v. Graham's Adm'r*, 66 Ala. 99. The question in this suit is not one of the misjoinder of proper parties plaintiff—the point upon which it was adjudged that the plaintiff in the first action must fail. The husband sues alone, as the trustee of the wife, for her equitable separate estate, which had already been reduced to possession, the contract creating it appointing no special trustee; and there can be no doubt of his capacity to maintain the suit in his own name.—*Pickens v. Oliver*, 29 Ala. 528. The same issue not being presented in both suits, and the first suit having been decided for misjoinder of parties plaintiff—a technicality not going to the merits of the case—the judgment pleaded in bar of this action is not conclusive by way of estoppel, and the doctrine of *res adjudicata* does not apply.

If the first action had been allowed to proceed to judgment, the parties being allowed to recover on the merits without raising the question of misjoinder, a different rule, for manifest reasons, might apply. Such was the case of *Hawkins v. Lambert*, 18 B. Monr. (Ky.) 106, where the wife, suing alone for her separate estate without objection, failed on the merits of the case, no question being raised as to parties. In a second suit by both husband wife, for the same cause of action, the first judgment was held to be a bar.

The judgment must be reversed, and the cause remanded.