[Hanchey v. Coskrey.]

# Hanchey *v.* Coskrey.

## *Detinue for a Mule.*

1. *Estoppel by judgment.*—The subject-matter being identical, a former judgment, if rendered on the merits, is conclusive in a subsequent action between the parties and their privies, as to all points actually decided or necessarily involved; but, if the judgment was founded on the non-joinder or misjoinder of parties, defective pleading, or any technical ground not going to the merits, it is not conclusive in any subsequent action so framed as to obviate the defect.

2. *Same; evidence*—When the record itself shows with requisite certainty the points decided, or which it is invoked to sustain, its production is sufficient; if not, parol evidence is admitted, from the necessity of the case, to show the matters involved and decided, if within its scope; and parol evidence may also be received, if not contradictory of the record, for the purpose of limiting the estoppel.

3. *Same; how pleaded.*—When the plaintiff relies on a former judgment as an estoppel, its conclusive effect must appear from the record itself, or he must show by extrinsic evidence every fact which would be necessary in a plea setting it up as a bar; and when the judgment is in detinue, it must appear from the record, or must be averred and proved, that the question of title was actually decided, or was so involved that the judgment could not have been rendered without its determination.

4. *Conclusiveness of former judgments, as between mortgagor and mortgagee, and their privies.*—The mortgagee of personal property having brought an action to recover the property, and also an action on the secured note, and being defeated in each action, on the immaterial plea that he had transferred the note pending the suit, the judgments are not conclusive as in favor of the mortgagor, who was the defendant, in a subsequent action brought by him against the transferee pending the former suits.

APPEAL from the Circuit Court of Pike.

Tried before the Hon. JOHN P. HUBBARD.

This was an action of detinue for a mule, in which the appellee, Coskrey, was plaintiff in the court below, and appellant, Hanchey, defendant. The material facts and rulings of the court below are stated in the opinion.

P. O. HARPER, for appellant.—A judgment not upon the merits, is not conclusive as an estoppel.—*Chamberlain v. Gaillard*, 26 Ala. 504; *Gilbreath v. Jones*, 66 *Ib.* 129; *Thomason v. Adams*, 31 *Ib.* 108.

GARDNER and WILEY, *contra.*

CLOPTON, J.—The general rule can not be controverted, that when there is identity of subject-matter and point in question, matters, which have been determined by a court of competent jurisdiction, are not open to litigation in a subsequent suit between the same parties or their privies; and whilst it is expressed generally, that the estoppel will be limited to the points actually decided, it extends beyond these to all points necessarily involved, without the adjudication of which the judgment could not have been rendered. In such case, the implication, that the judgment covers the whole, can not be overcome by proof that no evidence was offered, and no decision actually made as to part. The doctrine of estoppel by judicial proceedings is qualified by the established limitation, that the judgment must be a decision on the merits. A judgment, founded on *non-joinder* or *misjoinder* of parties, or merely defective pleading, or on any technical ground, or collateral or incidental question, whereby the merits of the case were not and could not have been determined, will not preclude an inquiry into the merits in a subsequent suit, so instituted as to avoid the objection by which the first was defeated.—*Gilbreath v. Jones,* 66 Ala. 129; *McCall v. Jones,* 72 Ala. 368; *Perkins v. Moore,* 16 Ala. 9; 2 Smith Lead. Cas. 937.

The appellee brings the action of detinue against the appellant for the recovery of a mule. On the trial, the plaintiff having produced evidence tending to show title in himself at the commencement of the suit, the defendant introduced a mortgage embracing the mule, previously executed by the plaintiff to Brown, who transferred it to Blanchard & Burrus, from and under whom defendant claims by successive transfers. To estop an inquiry into the validity and operative effect of the mortgage as vesting title in the defendant, the plaintiff introduced the records of two suits—one *detinue* for the recovery of the mule, and the other on the note secured by the mortgage—brought in the Circuit Court by Brown, the mortgagee, against the plaintiff, in each of which judgment was rendered in favor of the defendant, the plaintiff in the present suit. The court instructed the jury, at the instance of the plaintiff, that these judgments precluded any inquiry into the merits of the title, though they may have been rendered, on the ground that the plaintiff had transferred the note and mortgage after the commencement and before the trial of the first suits. It being undisputed that the defendant derives title from a purchaser *pendente lite,* no question arises as to the identity of the parties. The sole question is, whether the judgments, if founded on the ground stated in the instruction, estop the

defendant from asserting title under the mortgage, as a defense to the present suit?

An estoppel by judicial proceedings, like any other, must be certain. When the record shows with convenient certainty the points determined, its production is sufficient. But when such is not the case, parol evidence is admitted, from the necessity arising from the general character of pleadings now usually adopted and prevalent, to show the matters involved and decided, if the scope of the record is broad enough. When resort is thus had to extrinsic evidence, the burden rests on the party affirming the conclusive effects of the former recovery, to prove that the point in controversy has been previously heard and determined. Parol evidence may also be admitted for the purpose of limiting the estoppel, if not contradictory of the record, by showing what points were really in controversy.

There can be no question, that a plaintiff, attempting to take advantage of a former recovery as evidence, will be required, in order to establish its conclusive effect, to prove, by the record, or extrinsically, every fact which it is necessary to allege in a plea setting it up as a bar. A plea is defective, which attempts to raise the defense of estoppel by a former recovery in *detinue*, if it fails to aver, that the question of title was actually decided, or so involved that the judgment could not have been rendered without its determination; in other words, the plea must negative that the judgment was founded on any ground other than the question of ownership.— *Chamberlain v. Gaillard,* 26 Ala. 504; *Gilbreath v. Jones, supra.* The record not only fails to disclose any evidence tending to show that the question of title, or any question relating to the validity of the mortgage as a source of title, was decided in the first suit; but affirmatively shows, that the judgment therein was rendered in favor of the defendant in that suit at his instance on the ground, that after its commencement and before the trial Brown had transferred the mortgage and the title to the mule. Such being the only issue, the merits of the title were not, and could not have been tried and determined. A plea, alleging that the judgment was rendered on such ground, would be fatally defective on demurrer. When an action of *detinue* has been defeated, because a demand, necessary to constitute the detention unlawful, was not made, the judgment does not operate a bar to a subsequent suit, brought after the requisite demand has been made.—Herman on Est. and Res. Ad., § 215. It may be conceded, that had the mortgage been put in evidence, and relied on as a source of title, and an adverse decision made, it would be

[Hanchey v. Coskrey.]

conclusive of its validity in a subsequent suit for the same property, the title to a recovery being based on the same mortgage ; but when it affirmatively appears, that the mortgage was not put in evidence, and that its validity could not have been determined, because of the defeat of the suit by reason of transfer during its pendency, the transferee or any one claiming under him is not thereby estopped to bring another action, or to set up the mortgage in defense of another action, for the recovery of the same property.

Unfortunately the record does not inform us what are the contents, or the character and effect of the judgments in the first suits—whether of *non-suit*, or dismissal, or on verdict. It may be that the records are of such character as to exclude parol evidence of the points really in question and actually decided.   As to this, we can not say, the records not being before us.   It informs us, however, that the evidence tended to prove the grounds on which the judgments were rendered as hypothetically stated in the charge of the court. We are unable to understand in what manner, or by what kind of plea, the issues as to the transfer of the note and mortgage and its effect were formed in the first suits ; for if the plaintiff had the title to the property and the right to possession, and the ownership of the note, at the time of their institution, a subsequent transfer could not operate to defeat a recovery.   The issues were immaterial.   The matters came collaterally or incidentally in question, and operated to prevent a decision on the binding obligation of the note in the one suit, and the validity of the mortgage in the other.   In no sense, can either be said to be a decision on the merits.   It will scarcely be contended that a judgment rendered in a suit on a contract for the payment of money, on a plea denying the ownership of the plaintiff, would bar a second suit by the person having the beneficial interest.   It would be a perversion of the salutary and conservative doctrine of estoppel by judicial proceedings, to permit a defendant, after having invoked and obtained judgment on the sole ground that the plaintiff had transferred the cause of action after the institution of the suit, to preclude by such judgment an inquiry into the merits, when a subsequent suit is brought by the transferee.   If the hypothesis of the instruction be true, that the first suits were defeated on the immaterial issues, that the plaintiff had transferred the note and mortgage during their pendency, the recoveries do not preclude, in the present suit, an inquiry into the validity of the mortgage as a source of title.

Reversed and remanded.