# Jones *v.* Adler, *et al.*

### *Damages for Maintaining Nuisance.*

(Decided May 15, 1913.   Rehearing denied June 19, 1913.
62 South. 777.)

1. *Appeal and Eror; Assignments; Bad in Part.*—If a plea, which was filed to two counts of the complaint was good as to either of the counts, an assignment of error that the court erred in overruling demurrer to such plea was not sustained.

[Jones v. Adler, et·al.]

2. *Same.*—Where a plea was interposed to two counts of·the complaint, and the plea was established as against either one of the two counts, an assignment that the court erred in refusing to charge that defendants had not proved such plea, cannot be sustained.

3. *Same; Harmless Error; Not Affecting Result.*—Where the affirmative charge was properly given for defendant as to one of the counts, a refusal of a charge requested by plaintiff which was applicable only to that count, was harmless, if erroneous.

4. *Charge of Court; Covered by Those Given.*—The refusal of instructions which were substantially given in other instructions, was not error.

5. *Limitation of Action; Pleading; Avoidance.*—Where the gravamen of a count for damages for a nuisance was the erection of a·purification plant, a plea of the one year statute of limitations, was properly pleaded to such count, although the count alleged that plaintiff had been forced to inhale noxious odors during the year last passed, but did not allege the date of the erection of such plant.

6. *Judgment; Conclusiveness; Persons Bound.*—The judgment in an action by a·third person for damages for the maintenance of a nuisance was not res judicata that the thing complained of was a nuisance, and was hence, properly excluded from the evidence.

7. *Same.*—A judgment in rem is binding and conclusive upon all the world as to the status of the thing on the theory that the thing is in possession of the court, and that it is the thing itself which is in litigation.

8. *Same; Res Judicata.*—The rule of res judicata,—former recovery—is confined to suits where the parties and the subject matter are the same, and the identical point is in issue, and judgment has been rendered on that point.

9. *Nuisance; What Is.*—An odor disagreeable to ordinary persons, not hurtful to health, is not such a physical annoyance as makes the use of the property producing it a nuisance, unless the discomfort or annoyance produced by it, is of such a degree or extent as to materially interfere with the ordinary comfort of the home existence.

10. *Same; Instructions.*—A charge that the odor that was simply disagreeable to ordinary persons was such a physical annoyance as made the use of the property producing it a nuisance, whether hurtful to health or not, was calculated to cause the jury to reach the conclusion that a nuisance existed, although·the disagreeable odor was of short duration, and occurred only once during the year preceding the bringing of the suit.

11. *Same.*—A charge asserting that if defendant participated in the maintenance of the purification plant complained of, during the year next preceding the bringing of the suit, even though such participation was through the lessees, and if foul and offensive odors and smells emanated therefrom during the year, rendering the occupancy of plaintiff's property unpleasant and uncomfortable as a home for him and his family, although this was so only at intervals, the jury should find for plaintiff, properly postulated the essentials to recovery in an action for damages caused by the maintenance of a nuisance.

[Jones v. Adler, et al.]

APPEAL from Bessemer City Court.

Heard before Hon. J. C. B. GWIN.

Action by E. T. Jones against Morris Adler and others for damages for maintaining a nuisance. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

The pleadings and facts sufficiently appear. Charge 7 is as follows: "The court charges the jury that if they find from the evidence in this case that defendants in any way participated in the maintenance of the purification plant in question during the year next preceding the filing of this suit, even though it be through defendant's lessees, Lucian and Rose Huey, and further find that foul and offensive odors and smells emanated from the same during the year next preceding the filing of this suit that rendered the occupancy of plaintiff's property unpleasant and uncomfortable as a home for himself and his family, though it may have been so only at intervals, then your verdict should be for the plaintiff." Charge 3 is as follows: "A smell that is simply disagreeable to ordinary persons is such physical annoyance as makes the use of property producing it a nuisance, whether it be hurtful to health in effect or not."

ESTES, JONES & WELSH, for appellant. Demurrers to defendant's 2nd plea should have been sustained.— *City of Birmingham v. Land,* 173 Ala. 538; 13 Enc. P. & P. 214, 215, 224. The court should have allowed plaintiff to introduce the Murphey verdict and judgment against these defendants as res judicata on the subject of nuisances.—24 A. & E. Enc. of Law, 780, note 1; Ib. 827-8; *Bufford v. Little,* 159 Ala. 303. The court erred in giving the affirmative charge as to the 1st count for defendant.—*City of Birmingham v. Land,*

*supra; Adler v. Pruitt,* 53 South. 315. The court should have given the charge asserting that defendant had not .proven their 2nd plea.—Authorities . supra. The court should have given charge 2.—Authorities supra. Charge 3 was a proper charge and should have been given.—*Hundley v. Harrison,* 123 Ala. 297; Wood on Nuisances 568. Charge 7 should have been given.— *Grady v. Walsner,* 46 Ala. 381, and other authorities supra.

PERCY, BENNERS & BURR, for appellee. The error relative to overruling demurrers to plea 2 cannot be sustained, as it is joint and the plea was certainly good as to one count.—*Thompson v. N. C. & St. L.,* 160 Ala. 590. This is also true as to the error assigned relative to requested charge 2. The judgment in favor of Murphy was neither res judicata, as to the nuisance, or otherwise.—2 Smith's Leading Cases, 734; *McCall v. Jones,* 72 Ala. 368; *Ryan v. Young,* 147 Ala. 660. There was no error in refusing charge 3.—*Adler v. Pruit,* 169 Ala. 213; *Murkison v. Adler,* 59 South. 505. Charge 7 was argumentative and properly refused.—*Moss v. Moseley,* 148 Ala. 168; *Dorough v. Harrington,* 148 Ala. 305.

McCLELLAN, J. This is an action for damages caused by an alleged nuisance.

The facts disclose that what is termed the "purification plant" was erected by legislative authority for the purpose of purifying sewage of certain places conveyed through a trunk-line sewer, which was also built by legislative authority. It also appears from the evidence that appellees, in a duly authorized and legal manner, entered into a contract, the terms of which fully appear in the report of the case of *Adler & Co. v.*

*Pruitt,* 169 Ala. 213, 53 South, 315, 32 L. R. A. (N. S.) 889, with the proper authorities by which they became entitled to, and did, operate said plant; and that by a proper sublease they authorized other parties to operate said plant, which the sublessees were doing at the time this action was instituted.

The complaint consists of two counts; for the first declaring upon the "purification plant" as creating a nuisance, and the second declaring upon its maintenance, equivalent to operation, as such nuisance. The averments of each count are that offensive odors, etc., emanate from said plant, as maintained, which materially or substantially affect the comfort of plaintiff's home, which is situated near thereto. Defendants interposed three separate pleas to each of the counts of the complaint. With plea 3 we are not concerned, as appellant's demurrer thereto was sustained. Plea 1 was the general issue, and plea 2 was the statute of limitations of one year. To the latter plea appellant filed one set of demurrers, making the same applicable to each count. The demurrers, as thus interposed, were overruled by the court.

The first assignment of error reads as follows: "The city court committed manifest error in overruling plaintiff's demurrers to the defendant's second plea." This is a general assignment embracing demurrers interposed to plea 2 as an answer to count 1 and to count 2. If the demurrers interposed to either plea are not well taken, then this assignment fails. *Thompson v. N. C. & St. L. Ry.,* 160 Ala. 590, 49 South. 340; *Craig & Co. v. Pierson Lumber Co.,* 169 Ala. 548, 53 South. 803; *Aetna Life Insurance Co. v. Lasseter,* 153 Ala. 630, 45 South. 166, 15 L. R. A. (N. S.) 252.

There was no error in overruling the demurrers to plea 2 as applicable to count 1 of the complaint, since

the gravamen of said count is that the "nuisance consists of a plant, known as the purification plant," and contains no averment as to the date of its erection or creation, though there is an averment that plaintiff has been forced to inhale noxious odors for "one year last past," which is not the nuisance of which complaint is made. This assignment of error is not well taken.

The third assignment of error, which is the refusal of the trial court to charge, as requested by plaintiff, that the defendants had not proven their second plea, is in the same condition as the first assignment of error—that is, the charge requested goes to plea 2 as applicable to both counts of the complaint—and hence, if not well taken as to either count, the trial court cannot be put in error. The evidence shows that the plant was erected in the year 1905, more than a year before the bringing of this suit; therefore, as to count 1 the plea was proven. In this connection it may be said the affirmative charge given at the request of the defendant as to count 1 was proper.

Assignment of error No. 2 is that the court erred in sustaining the objections of defendants to the offer of plaintiff to prove by parol that one Murphy had recovered a judgment for $2,300 as damages against these defendants in a court of competent jurisdiction for the maintenance of the same plant as a nuisance; the objections interposed being that the same was incompetent, immaterial, illegal, and irrelevant. The purpose of this was, as stated by appellant, to show that a court of competent jurisdiction had, by its judgment, fixed the status of the said plant or its operation. In our opinion this could not be done. This suit of Murphy was a personal action by him for damages just as is the instant action, the Adlers being defendants in each, but the plaintiffs being different persons, without connection,

[Jones v. Adler, et al.]

either directly or by privity, with each other. It is true a judgment in rem is binding and conclusive upon all the world as to the status of the thing, but this is on the theory that the thing is in possession of the court, and it is the thing itself which is in litigation. Here the effort is to recover damages in a personal action, and the res is not in litigation, except as to whether it was a nuisance at and during the particular time of which complaint is made. In this attitude the doctrine announced in the leading case of the *Duchess of Kingston*, 2 Smith's Leading Cases (8th Ed.) 734, is applicable, where it is said the following is deducible from the cases as to giving in evidence of judgments: "First, that the judgment of a court of competent jurisdiction, directly upon the point is, as a plea, a bar, or as evidence conclusive between the *same parties* upon the matter directly in question in another court; secondly, that the judgment of a court of exclusive jurisdiction directly upon the point is in like manner conclusive upon the same matter between the *same parties,* coming incidentally in question in another court, for a different purpose." Italics ours. Or, as said by this court in *McCall v. Jones,* 72 Ala. 368, on page 371 of the opinion: "The rule of res adjudicata or former recovery, is confined to those cases where the *parties to the two suits are the same,* the subject-matter the same, the identical point is directly in issue, and the judgment has been rendered on that point." See, also, 3 Mayf. Dig. 845.

The principle here sought to be applied by the appellant was decided against him in the case of *Ryan v. Young,* 147 Ala. 660, 41 South. 954, where it was sought to introduce in evidence the record of a chancery case for the purpose of showing that "the validity vel non of plaintiff's mortgage was res adjudicata, and therefore that the plaintiff was precluded from maintaining the

suit." Upon the question thus presented, this court, after quoting from *McCall v. Jones, supra,* said: "Pretermitting discussion of other ingredients, we notice that an essential ingredient of res adjudicata was lacking in the proceedings offered, the defendant Lovin was not a party to the suit in chancery. The proceedings were offered in behalf of all of the defendants without any offer to limit the effect of the evidence to defendants Ryan and Brock, and, even if the proceedings could be held competent as to them, yet not being competent as to Lovin, the court did not err in not allowing them in evidence." Bearing on the same question is the case of *Fidelity & Deposit Co. of Maryland v. Robertson,* 136 Ala. 379, 34 South. 933.

Refused charge 6, requested by plaintiff, was, if error, without injury to him, as it was only applicable to count 1 of the complaint, as to which we have held the affirmative charge, requested by defendants, was properly given.

Refused charge 2, the basis of assignment of error 5, was substantially given in unnumbered charge found at bottom of page 17 of the transcript; hence, its refusal was not error.

Refused charge 3, requested by appellant, was not error, for that its tendency is to mislead the jury to the conclusion that a nuisance might be created, though such disagreeable smell was of short duration, and was wafted to the olfactory organs of defendant only once in a twelve month. In addition, it does not accurately state the law. The annoyance or discomfort caused must be of "such degree or extent as to materially interfere with the ordinary comfort of home existence."— *English v. Progress Electric Light & Motor Co.,* 95 Ala. 259, 10 South. 134; *Adler & Co. v. Pruitt,* 169 Ala. 213, 53 South. 315, 32 L. R. A. (N. S.) 1889; *Murkeson v.*

*Adler*, 178 Ala. 622, 59 South. 505.   The case of *Hund-ley v. Harrison,* 123 Ala. 297, 26 South. 294, is not in conflict with this, as it quotes with approval *English's Case, supra.*

Charge 7, requested by plaintiff and refused by the court, should have been given.   It accurately postulates the conditions essential to a recovery.—*English's Case, supra; Hunley's Case, supra.*   The writer desires to add these expressions of individual judgment:

As appears, the appeal is treated in this opinion upon the theory thought to be sustained in *Mayor & Alder-men, etc. v. Land,* 137 Ala. 538, 34 South. 613, that, not-withstanding the legislative authorization of the instal-lation and operation of the purification plant, the oper-ation thereof, if attended with injury to neighboring lands or their use, was a nuisance unless the condemna-tion provided by the authorizing act was availed of. There is no suggestion in this record that negligence affected the construction or maintenance and operation of this purification plant.   So the writer is inclined to the view that the plaintiff's sole remedy (if he has been damaged in consequence of the plant's operation) is under Constitution (section 235).   This view would seem to logically follow from the generally accepted fact that the doing alone of that which the law author-izes—grants the power to do—cannot be a public nui-sance.   This principle, and the necessary legal conse-quences flowing therefrom, may be found stated and illustrated in these, among other, cases:—*H. A. & B. R. R. Co. v. Matthews,* 99 Ala. 24, 10 South. 267, 14 L. R. A. 462; *Crofford v. A. B. & A. R. R. Co.,* 158 Ala. 288, 48 South. 366; *Arndt v. Cullman,* 132 Ala. 540, 31 South. 478, 90 Am. St. Rep. 922.   If the permanent, non-negligently installed and operated purification plant is denominated a nuisance, then, manifestly, equity could

be invoked to abate it.   If that could be done, the result would be that a process—of a public nature regarded as essential to the preservation of health in a populous section—expressly authorized by law would be defeated and anulled by judicial pronouncement. "Damages which can be assessed in condemnation proceedings can be assessed just as well in an ordinary action at law."—*Highland Ave. & B. R. Co. v. Matthews,* 99 Ala. 29, 30, 10 South. 269, 14 L. R. A. 462.

For the error pointed out the cause is reversed and remanded.

Reversed and remanded.   All the Justices concur, except Dowdell, C. J., and Mayfield, J., not sitting.