# Terrell v. Nelson.

### Assumpsit.

(Decided April 12, 1917.  74 South. 929.)

1. **Judgment; Conclusiveness; Matters Concluded.**—A judgment is conclusive between the parties on all material matters which might have been litigated, but not as to matters incidentally brought into the controversy.

2. **Evidence; Judicial Notice; Records of Court.**—The Supreme Court takes judicial notice of its own records.

3. **Judgment; Conclusiveness; Ruling on Demurrer.**—A judgment affirmed upon appeal, sustaining a demurrer because a complaint for alleged breach of contract failed to state that plaintiff was ready to perform, or that defendant's alleged breach occurred within the contract period, is a final judgment barring another action between the same parties.

4. **Judgment; Conclusiveness; Identity of Pleading.**—A judgment, affirmed upon appeal, sustaining a demurrer to a complaint for breach of contract, bars a subsequent action between the same parties on the same subject-matter, although the second complaint declares on the common counts as well as for breach of contract.

APPEAL from Birmingham City Court.

Heard before Hon. J. H. MILLER.

Action by A. J. Terrell against Frank Nelson and others. Judgment for defendants and plaintiff appeals.  Affirmed.

HARSH, HARSH & HARSH for appellant.  LEADER & EWING and Z. T. RUDOLPH for appellee.

THOMAS, J.—On the 29th day of October, 1910, A. J. Terrell, appellant, filed his summons and complaint in the circuit court of Jefferson county against Frank Nelson, Jr., and Leo K. Steiner, appellees, as sole defendants.  The complaint contained four counts, each averring a special contract and seeking recov-

ery for a breach thereof. As amended, the original complaint was held subject to demurrer. This judgment on demurrer was affirmed by this court. Thus was terminated the first suit.— *Terrell v. Nelson, et al.,* 177 Ala. 596, 58 South. 989. Said plaintiff, on the 25th day of January, 1913, filed suit in the city court of Birmingham against said Nelson and Steiner, as sole defendants. The complaint contained five courts: The first two were the common counts, and three were upon a special contract. The complaint (except the common counts) discloses the fact that recovery was sought in each of said suits for the breach of a contract as to certain stone to be used in the completion of lock .3, on the Tombigbee river, during the year 1910. The common counts and the special counts in the last complaint were for a like sum, claimed for and on account of a liability incurred or accruing during the year 1910. From an adverse judgment on demurrers to the pleas of res adjudicata, plaintiff appeals; here assigning error to the giving of the affirmative charge at defendant's request, as well as to the overruling of plaintiff's demurrers to defendants' pleas.

(1) The principle upon which judgments are held conclusive upon the parties requires that the ruling should apply only to matters directly in issue—things material and traversable— and not to everything which was incidentally brought into the controversy during the trial. The general rule on this subject was declared in the case of the *Duchess of Kingston,* 20 Howell's State Tr. 355, 538, 2 Smith's Lead. Cas. 609 (573). Lord Chief Justice De Grey said. "From the variety of cases relative to judgments being given in evidence in civil suits, these two deductions seem to follow as generally true: First, that the judgment of a court of concurrent jurisdiction, directly upon the point, is as a plea, a bar, or as evidence, conclusive, between the same parties, upon the same matter, directly in question in another court; secondly, that the judgment of a court of exclusive jurisdiction, directly upon the point, is, in like manner, conclusive upon the same matter, between the same parties, coming incidentally in question in another court, for a different purpose. But neither the judgment of a concurrent or exclusive jurisdiction is evidence of any matter which comes collaterally in question, though within their jurisdiction; nor of any matter incidentally cognizable; nor of any matter to be inferred by argument from the judgment."

[Terrell v. Nelson.]

This rule has been repeatedly affirmed and followed without qualification.—2 Kent, Com. 119-121; *Arnold v. Arnold,* 17 Pick. 7. In *Chamberlain v. Gaillard,* 26 Ala. 504, Mr. Justice GOLD-THWAITE writing, the rule is declared to be that judgments are final and conclusive between the parties when rendered on a verdict on the merits, not only as to the facts actually litigated and decided, but as to all facts necessarily involved in the issue; and that although the particular matter is not necessarily involved in the issue, yet if the issue is broad enough to cover it, and it actually arose and was determined, it may then be connected with the record by evidence aliunde.—*Hall & Farley v. Alabama T. & I. Co.,* 173 Ala. 398, 56 South. 235; *Gilbreath v. Jones,* 66 Ala. 129; *Hanchey v. Coskrey,* 81 Ala. 149, 1 South. 259; *Haas v. Taylor,* 80 Ala. 459, 2 South. 633. In *Tankersly v. Pettis,* 71 Ala. 179, it was held that where there is no question as to the jurisdiction of the court, nor as to the identity of the parties, the inquiry whether the subject-matter of the controversy has been drawn in question and is concluded by a former adjudication "is determined, when it is ascertained that the matters of the two suits are the same, and the issues in the former suit were broad enough to have comprehended all that is involved in the issues in the second suit. The inquiry is not what the parties actually litigated, but what they might and ought to have litigated in the former suit." This application of the ancient rule of res adjudicata has been reaffirmed in *McCall v. Jones,* 72 Ala. 368; *Lehman v. Clark,* 85 Ala. 109, 4 South. 651; *Glasser v. Meyrovitz,* 119 Ala. 152, 24 South. 514; *Wood v. Wood,* 134 Ala. 557, 33 South. 347; *Montgomery Iron Works v. Roman,* 147 Ala. 434, 41 South. 811; *Crausby v. Crausby,* 164 Ala. 471, 51 South. 529. To support a plea of res adjudicata, not only must the parties and the subject-matter be the same, but the judgment in the first case must have been on the merits of the case, and must be that sought to be pleaded in bar in the second suit.— *Jones v. Adler,* 183 Ala. 435, 62 South. 777; *McCall v. Jones, supra; Ryan v. Young,* 147 Ala. 660, 41 South. 954; *Gilbreath v. Jones, supra; Crausby's Case, supra; Hall & Farley's Case, supra.* A judgment was declared to be conclusive against every defense that might have been made against the suit, whether pleaded or not, in *Montgomery Iron Works v. Roman, supra,* 147 Ala. 440, 41 South. 811.

What issues will be considered to involve a decision on the merits is not always easy of determination. In *McCall v. Jones,*

[Terrell v. Nelson.]

*supra,* the court held that where a suit was defeated for non-joiner or misjoinder of parties, a judgment rendered on such issue alone was not on the merits. The same is true of a judgment on a mere defect in the pleadings, or on any technical ground not going to the merits (*Hanchey v. Coskrey, supra; Williams v. Woods,* 121 Ala. 536, 25 South. 619; *Strang v. Moog,* 72 Ala. 460), or where the parties to the suit are shown not to have been the same (*Fid. & Dep. Co., etc., v. Robertson,* 136 Ala. 379, 34 South. 933; *Jones v. Adler, supra*), or where the question of ownership did not enter into the issue of the former suit (*Gilbreath v. Jones, supra; Hanchey v. Coskrey, supra; Hall & Farley's Case, supra*). In *McClarin v. Anderson,* 104 Ala. 201, 210, 16 South. 639, 641, the court said: "It is well understood that when a demurrer is sustained for some defect in the pleadings, and judgment is not pronounced on the merits of the case, then there has been no judgment on the facts or merits, and consequently the demurrer, which was sustained because of defects in the pleadings, can form no bar to a subsequent action; but a demurrer, which admits all the facts which are well pleaded, demands the judgment of law arising out of or on those facts; and when the judgment is pronounced it is conclusive on the parties to determine the litigation between them, as if judgment had been rendered on verdict."—*Perkins v. Moore,* 16 Ala. 13; *Hanchey v. Coskrey,* 81 Ala. 149, 1 South. 259; 1 Chit. Pl. 198; *McClarin's Case,* 109 Ala. 571, 19 South. 982.

The demurrer to the contest of a claim of exemptions, and judgment thereon held to be a final judgment, went to the right of contestant to proceed with the contest of exemptions so claimed, as decided in the last-quoted case.

In the case at bar the defendant Nelson filed plea numbered 1 separately; and defendants Nelson and Steiner filed pleas 1-A, and 1-B, each of which was res adjudicata. Plea 1, by Nelson, to which demurrers were overruled, does not set out the summons and complaint in the original suit, but alleges that on the 29th day of October, 1910, the plaintiff filed his suit against defendants in the circuit court of Jefferson county, claiming damages for 'the identical breach of contract herein sued on;" that the cause was duly tried by said court and was determined "in favor of the defendants herein;" that plaintiff appealed from this decision to the Supreme Court of Alabama, where the judgment was affirmed on the 30th day of May, 1912, and that "thereby

[Terrell v. Nelson.]

said action was fully determined and adjudicated against the plaintiff herein;" 'that the said cause of action is the same suit as in the said suit heretofore tried and referred to, that the plaintiff is the identical person, and that each of the counts are the same counts in said cause, and that the cause of action is the identical cause of action in each suit, and defendant prays that this suit be abated as having been heretofore tried and determined, and that this defendant be not further harassed and annoyed by costly and troublesome litigation."

Pleas 1-A and 1-B both set out the summons and complaint in the original record filed in the circuit court by plaintiff against defendants, and aver that the cause was duly tried by said court; that it was determined in favor of the defendants; and that it was on appeal affirmed by the Supreme Court, reference being made to the official report of the case styled *Terrell v. Nelson, et al.*, 177 Ala. 596, 58 South. 989; and further aver that said action was fully determined and adjudicated against the plaintiff. In these two pleas the said defendants further aver that: "The cause of action in this suit is the same cause of action as is set forth in the complaint hereto attached in the suit previously filed by said plaintiff against said defendants, and which was affirmed against the said plaintiff herein, and the defendants and the plaintiff herein are the identical persons, and the same plaintiff and defendants, as is set forth in the previous suit, and that this cause of action is the identical cause of action as is set forth in the previous suit, growing out of the same alleged subject-matter, and the defendants therefore pray that this suit be barred as having been heretofore tried and determined in favor of said defendants, and that the defendants herein be discharged from further defense in said suit."—Plea 1-A.

The maxim "Interest reipublicæ ut sit finis litium" (It concerns the state that there be an end of lawsuits) is the foundation for the rule that all that could have been heard in the former suit is presumed to have been heard; that the splitting of causes of action is not permissible.—*Williams Co. v. Model Electric Co.*, 134 Iowa 665, 112 N. W. 181, 13 L. R. A. (N. S.) 529; *Pakas v. Hollingshead*, 184 N. Y. 211, 77 N. E. 40, 3 L. R. A. (N. S.) 1042, 112 Am. St. Rep. 601, 6 Ann. Cas. 60; *Miller v. Covert*, 1 Wen. (N. Y.) 487; *Bendernagle v. Cocks*, 19 Wend. (N. Y. 207; *Colburn v. Woodworth*, 31 Barb. (N. Y.) 381.

[Western Union Tel. Co. v. Louisville & Nashville Railroad Co.]

(2, 3)  This court takes judicial knowledge of the contents of its own records.—*N. C. & St. L. Ry. Co. v. Crosby,* 194 Ala. 338, 70 South. 7.  In the instant case, the demurrer sustained on the former appeal was to the effect that plaintiff, who sought to recover for an alleged breach of contract, failed to aver in his complaint that he was ready, willing, and able to furnish said stone, as he had contracted to do or that the notification relied upon by plaintiff as a breach on the part of the defendants was given within the time that plaintiff had, under the contract, in which to furnish the stone.  The lack of such averment was fatal to the plaintiff's right of recovery in the first suit.  That final judgment was on the right of recovery under the averred facts, and it was affirmed on appeal to the Supreme Court.  It may now be pleaded as a bar to plaintiff's effort to recover in the instant suit.

(4) It is apparent that the plaintiff has sought to avoid the bar of the rule by declaring on the common counts as well as (in several counts) for breach of the contract.  The facts remain, however, that the parties plaintiff and defendant in the two suits were and are the same, that the subject-matter was the same, that the right of plaintiff to recover in the first suit (which was in the circuit court) was adjudicated against the plaintiff, and that an appeal from such judgment was affirmed by this court.

The judgment of the city court is affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.