# E. O. GARRABRANDT, Plff.,

*v.*

# BOSTON MOLASSES COMPANY, Dft.

San Juan, Law, No. 1295.

RES JUDICATA.

Res Judicata—Extent.

1. Res judicata applies to every question in the second suit which under the pleadings of the first might have been directly presented therein, the parties and points being the same, and the judgment in the former suit being on the merits.

Garrabrandt v. Boston Molasses Co.

Practice—Splitting Cause of Action.
>    2. Where a contract covers a term of years and suit is brought
>    before its expiration, the future years cannot be included.  Quære,
>    as to another suit on them.

Opinion filed May 8, 1919.

---

*Mr. H. R. Francis* for plaintiff.

*Mr. Charles Hartzell* for defendant.

HAMILTON, Judge, delivered the following opinion:

The complaint in this case shows that there has been a previous suit between the parties to this suit, for damages caused by loss of profit under a contract of September 15, 1915, for the years 1917 and 1918, and the present suit is brought to recover profits on said contract during the year 1919. The present complaint shows that damages were limited to the years 1917 and 1918 upon motion of the defendants in both suits, and granted because it was, at the time of the verdict, January, 1919, impossible to determine the future cost of certain materials involved. A demurrer is now filed to the new suit on the ground that it appears the plaintiff has heretofore brought a suit on the whole contract and prosecuted the same to judgment, the demurrer alleging that this bars any further suit for damages under said contract.

It may be doubtful whether the allegations of the new complaint go as far as the demurrer alleges, and in such case the demurrer would have to be overruled as a speaking demurrer. As this, however, would not dispose of the defect, if it exists,

Garrabrandt v. Boston Molasses Co.

but merely requires that it be raised by plea instead of by demurrer, it may be well to look into the defense and leave the adjustment of pleadings to follow the proper course.

The unalterable rule of law is that a judgment in a case forbids a litigation in future, except by appeal, of anything and everything contained in the case. This is the principle known as res judicata. It is construed as applying to every question in the second suit which under the pleadings of the first case might have been presented therein. Aurora v. West, 7 Wall. 82, 19 L. ed. 42. It presupposes of course that not only the parties and points involved in the suit are the same (Gilbreath v. Jones, 66 Ala. 129); see also page 102, but the judgment in the former case must be on the merits, and not merely on the pleadings. McCall v. Jones, 72 Ala. 368; Strang v. Moog, 72 Ala. 460. The former judgment, however, is not conclusive as to collateral or incidental matters. The point must be one material to the issue raised in the first case. Kingston's Case, 2 Smith, Lead. Cas. *573.

These principles will not be disputed in the case at bar; but it is argued that the new suit concerns a matter which could not be raised in the previous suit, because the World War rendered it impossible to estimate what would be the damages from violation of the contract during the year 1919, and, as there could be no proof of the damages of 1919, it was a defect of law, and not of anything which could be proved under the pleadings. In other words, that if the law prevented the judgment from including damages for the year in question, they could not be considered as coming within the issues of the case, and injustice would have been done by considering the previous

judgment as res judicata of what could not have been proved under it.

The contract being an entirety, the plaintiff could have waited until the termination of the term of years covered by the contract and then sued for damages. In that case there would have been no difficulty in proving what the damages were during the year 1919, because they would have been in the past and all facts would have been accessible. Being an entirety, it is questionable whether the plaintiff at the expiration of the first year could have sued for the damages of that year and then waited for another year and sued for the damages of the second year, and so on down the line. That would have been submitting the defendant to five suits about one matter. Plaintiff chose a middle course, and elected to sue for the damages on the whole contract for all five years and run the expense and difficulty of proof which would follow from dealing with matters still in the future. No demurrer or other objection was made to this course, and it was therefore not determined whether it was proper to sue in the matter of a contract before the whole term expired or unexpired. The difficulty was on the proofs, which the plaintiff could have foreseen. No authorities are submitted by either side upon the point, and so it would be better to leave the decision open for further consideration if the defendant chooses to raise the point by the more appropriate method of pleading res judicata or the like. For the present it would seem that the point cannot be decided, as a demurrer would hardly lie under the allegations of the complaint. It does not clearly appear that the previous case covered the whole term of the contract, and whatever may be the personal recol-

lection of the judge in the matter it cannot be read into the new complaint as filed.

It follows accordingly that the demurrer must be overruled and the point be raised in some other manner.

It is so ordered.