# Williams *v.* Woods *et al.*

*Bill for Specific Performance; Dismissal for Want of*
*.. Security for Cost, not a Dismissal on the Merits.*

1. *Dismissal of bill for want of security for costs not a dismissal on the merits.*—If a cause in chancery is ripe for hearing, and the respondent moves the court that the complainant give security for costs and the motion is granted and the complainant required to give the security or the cause to stand dismissed; and if security for costs is not given and the cause is dismissed for the failure, on motion of the respondent, the dismissal is not a decree on the merits.

APPEAL from the Chancery Court of Clay.

Heard before the Hon. J. R. DOWDELL.

W. J. Wiliams bought a piece of land from S. H. Wood, executed his note in part of the purchase money and received a bond for title. Williams afterwards brought a suit in the chancery court for the specific performance of the contract. During the progress of the suit he became a non-resident of this State and was by

[Williams v. Wood *et al.*]

the court on motion of the respondent required to give surety for the cost. He failed to give this surety and the bill was dismissed. He afterwards transferred the bond for title to A. M. Williams, who brought the bill in this case for specific performance and for an accounting. The respondent, Woods, filed his plea of *res adjudicata* because of the dismissal of the bill of W. J. Williams, alleging that such dismissal was a decree on the merits. The complainant moved to dismiss this plea and also demurred to it. The court overruled both the motion and demurrer and decreed the plea to be a sufficient bar to another suit. The overruling of the motion to dismiss the plea and the overruling of the demurrer are assigned as error. Reversed.

WHITSON, GRAHAM & HAYNES, for appellant, cited, *McCall v. Jones,* 72 Ala. 371; *McDonald v. Mobile Life Ins. Co.,* 65 Ala. 358; *Hanchey v. Coskrey,* 81 Ala. 150; *Hutchison v. Dearing,* 20 Ala. 798; Freeman on Judgments, Sec. 258; Bigelow on Estoppel, p. 52; Story's Equity Pleading, Sec. 793; *Perrine v. Dunn,* 7 John Chan. Rep. 1; *Walden v. Baldy,* 14 Peters 156; *Tankersley v. Pettis,* 71 Ala. 185; Mitford & Tyler Eq. Pleading, 330; 1 Dan'l Chan. Prac., 633; *Rosse v. Rust,* 4 Johns Chan. 300; *Moon's Admr. v. Crowder,* 73 Ala. 87; Freeman on Judgments, Sec. 270.

KNOX, BOWIE & DIXON, *contra,* cited *Rhea v. Tucker,* 56 Ala. 450; *Dudley v. Witter,* 51 Ala. 456; *Strong v. Moog,* 72 Ala. 465; 6 Ency. Pl. & Prac. 1; Am. & Eng. Ency. of Law, Vol. 9, 168.

HARALSON, J.—The defendant, Woods, interposed in the court below his plea of *res adjudicata,* to the further maintenance of the bill in this case.

The facts set up in that plea, as stated by appellee's counsel in their brief in this court, are,—"That on, to-wit, the 25th day of March, 1893, W. J. Williams, the party described in the bill (in the original suit) as grantee of the appellant (in this suit) filed his bill against the appellee (S. H. Woods), asking for specific performance of the same contract which is here sued on; that an answer was filed to this bill, the cause (was) set

for final hearing, and was submitted and a decree rendered granting the relief prayed for, (and) that respondent filed a petition for a rehearing, which after argument was granted. Thereupon, the cause, being fully at issue and testimony in on both sides, was called on to be heard, and the respondent moved to dismiss said cause, because complainant was a non-resident and had failed to give security for costs. This motion was confessed by (W. J. Williams, the) complainant (in that suit), and a consent decree was rendered, whereby it was provided, that unless security for costs was given within thirty days, the cause would stand dismissed. The security for costs was not given and the cause was dismissed; that by a mistake the cause was carried forward on the docket, and was called the next term of the court, the cause being at issue, the testimony on both sides having been taken, (and) the case was then, again dismissed for failure to give security for costs."

The appellee contends that the dismissal of said former suit constitutes *res adjudicata* under the rule 28 of chancery practice.

The decree of the chancellor, which is attached to the plea as an exhibit, was rendered on the 24th March, 1894, and after stating the case,—W. J. Williams v. S. H. Woods, and term of the court,—recites ,"This cause is submitted on motion of respondent to require complainant to give security for cost on the ground, that he is a non-resident of the State of Alabama, and to give an additional bond on the ground that the sureties on his present (injunction) bond are insolvent. It is admitted in open court that complainant is a non-resident of Alabama." Then follows the decree: "Therefore it is ordered, that he give security for costs in this cause, within thirty days from date, to be approved by the register, otherwise the cause stands dismissed."

The other part of the decree in reference to the injunction bond, was to the effect, that it be referred to the register, to investigate and determine and report his conclusions on the sufficiency of the sureties on the injunction bond; that if he found the bond to be insufficient in suretyship, he should so report, and thereupon, within thirty days, the complainant should give a new injunction bond payable, conditioned and approved according

[Williams v. Wood *et al.*]

to law, and if he should fail to give such bond within that time, the injunction should stand dissolved. At the end of the decree and just before its date, appear the words, "by consent of parties."

From the foregoing, it appears that the decree made two provisional orders, the first, that the complainant being a non-resident,—which fact was admitted,— should give security for the costs of the suit within thirty days from the date of the decree, otherwise the cause should stand dismissed out of court. The second order was in reference to the alleged insufficiency of the sureties on the injunction bond that had been given by the complainant in the cause, which order was, of course, contingent upon a compliance by complainant with the first order as to the security for the costs of suit. If he complied with that order and gave the security for costs, the register was then to carry out the order to him, to investigate the sufficiency of the sureties on the injunction bond. If complainant failed to give security for costs, the cause, by the terms of the decree, was to stand dismissed out of court, and there remained no longer any room or necessity for executing the second provision of the decree. The complainant, as is shown, failed to give the security for costs, and it does not appear that the register ever took any steps towards executing the reference touching the injunction bond. He carried the case, however, on the docket of the court, to the next ensuing term, when the court, on the 20th day of September, 1894, entered the following order: "This cause is dismissed for want of security for costs, and the complainant is taxed with the costs for which execution may issue." As to the effect of this dismissal, the respondent, raising the question to be now decided by us, states in his petition: "Respondent further avers that the complainant in said cause, did fail to give said bond for costs within thirty days, from date of said decree, and thereupon the same stood dismissed out of this court, which dismissal was equivalent to a dismissal on its merits, as the court did not otherwise order in said decree, and said decree, and said dismissal is hereby pleaded in bar of this suit." According to this averment, the latter order of dismissal, of date 20th September, 1894, was un-

necessary, and was merely confirmatory of the previous order of dismissal.

Rule 28 (31) of chancery practice contains two provisions as will be seen from its reading:—(1) "If the complainant, after the cause is set down to be heard, cause the bill to be dismissed on his application, or (2) if the cause is called on to be heard in court, and complainant makes default, and by reason thereof the bill is dismissed, then, and in such case, such dismissal, unless the court otherwise orders, is equivalent to a dismissal on the merits, and may be pleaded in bar to another suit for the same matter." The plea of defendant is based, not upon the first provision of said rule,—for there is no pretense that the cause was dismissed on the application of complainant,—but upon its second provision. It occurs to us ,that a just construction of this rule requires us to hold, that the dismissal of the former suit was not, and cannot be fairly construed as a dismissal on its merits. The case being at issue was submitted at a former term of the court for a decree on its merits, and was held for decree in vacation. The chancellor in vacation rendered a decree in favor of the complainant. The respondent under rule 79 (80) of chancery practice, by the second day of the next, ensuing term of the court, applied to the court for a rehearing in the cause, and the same was granted. The granting of this order, had the effect to restore the case to the precise condition it would have been in, had it not been submitted for decree and no decree had been rendered in the cause. The cause was never after that, so far as appears, "called on to be heard in court" on its merits; but, at this juncture, being ripe for hearing, the respondent moved the court to require the complainant to give security for the costs of the case, on the ground that he was a non-resident of Alabama. The object of this motion and its effect, if granted, were to prevent the case from being heard on its merits, if complainant should refuse to give the security, and, in any event, to postpone the hearing on the merits, until complainant,—if defendant's motion should be granted, —had complied with the proposed order for the security for costs. It was merely a preliminary and incidental motion in the cause, to get it in readiness for submission for final decree, for which defendant was not willing the

[Williams v. Wocd *et al.*]

cause should be submitted in its then condition. His motion was granted by the court; the complainant was required to give the security moved for; the cause was necessarily continued, as for any consideration and decree on its merits, to await a compliance by complainant with the order requiring him to give security. It would seem, under such conditions, the respondent is in no position, the cause having been dismissed, on his motion for a failure to give security for costs, to now plead the failure of complainant to give the security, as an adjudication of the cause on its merits. The giving or the failure to give that security did not, in any manner, affect the merits of the controversy. The authorities seem to conclude this question. In *Strang v. Moog,* 72 Ala. 460, it was said,—"The rule is everywhere settled, that when a decree is rendered by a court of equity, dismissing a bill for want of jurisdiction, or because the complainant has a plain and adequate remedy at law, or because of any mere defects in the pleadings, or, we may say generally, on any other ground not involving the merits of the cause, such dismissal is usually stated to be 'without prejudice,' and is not held to be a final and conclusive adjudication of the matters in litigation, so as to come within the doctrine of *res adjudicata.*" To the same effect is *McCall v. Jones,* 72 Ala. 368. In *Hanchey v. Coskrey,* 81 Ala. 149, it was said,—"A judgment founded on non-joinder or misjoinder of parties, or merely defective pleading, or any technical ground, or collateral or incidental question, whereby the merits of the case were not and could not have been determined, will not preclude an inquiry into the merits in a subsequent suit, so instituted as to avoid the objection by which the first was instituted."—*Neafie v. Neafie,* 7 Johns. Ch. 1; Story Eq. Pl. § 793; Bigelow on Est., p. § 52, (3) ; 1 Gr. Ev., § § 529, 530.

The complainant moved the court to strike the plea, because the same was insufficient, and at a regular term, the cause was submitted on objections to the sufficiency thereof. The court sustained the plea and held it to be sufficient. From what has been said, it will appear this was an erroneous ruling. The plea was bad, and the objections to it should have been sustained.

Reversed and remanded.