# Buck *versus* Wilson et al.

1. Where a creditor takes from his debtor a note payable at a future day on account of his claim the law raises no implication that he agrees to give time, until the maturity of the note, for the payment of the original debt; but the agreement must be proved as a fact, dependent upon the understanding of the parties at the time the security was given.

2. Where the cause of action is the same a former judgment in a suit between the same parties, though an inadequate one is a bar to a second recovery.

3. An action brought for an entire and indivisible demand and a recovery therein of only a part of said demand through the misapprehension of the plaintiff as to the effect thereof will bar a subsequent action for the residue of the same demand.

4. A. was indebted to B. on an entire book account. He gave B. his five notes for the amount of this account which it was admitted were not given as an extinguishment of the debt and there was no evidence that they were given as an extension of time. When two of these notes became due, B. brought an action in assumpsit not upon the two notes but upon his book account and recovered judgment against A. for the amount of the two notes. He subsequently brought another action in assumpsit upon the same book account and sought to recover the amount of the three notes, being the balance between the whole account and the judgment obtained. A. defended upon the ground of a former recovery. *Held*, that the recovery in the first action was a bar to a recovery in the second.

May 27th, 1886.   Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas of *Blair county:* Of January Term 1886, No. 343.

Assumpsit by William M. Wilson and L. Hassell Lapp, trading as William M. Wilson & Co. against Dr. M. J. Buck, late doing business as W. J. Sharbaugh. Plea non assumpsit. The defendant defended upon the ground of a former recovery.

On the trial before DEAN, P. J., the defendant presented, *inter alia*, the following points:

" That the record of the case of William M. Wilson & Co. *v.* M. J. Buck, No. 19, October Term, 1884, given in evidence by the defendant, is a bar to the plaintiff's recovery and the verdict must be for the defendant."

Answer. This point is denied. We have filed our reasons for denying it; they are entirely legal reasons and have no bearing on the evidence here submitted to you, and there is no necessity of our reading them to you. (First assignment of error.)

The following are the reasons filed. (Second assignment of error.)

[Buck *v.* Wilson et al.]

The facts are undisputed.    The plaintiffs had a book account against the defendant which was due and payable in the spring of 1884.

At five different dates the plaintiffs, at the request of W. J. Sharbaugh, alleged agent of the defendant, extended the time of payment of the balance due on the book account by accepting from him negotiable promissory notes.

These notes are five in number:

1. One, dated March 6th, 1884, in sum of $225, at three months, due June 9th, 1884.

2. One, dated April 2d, 1884, in sum of $100, at two months, due June 5th, 1884.

3. One, dated April 10, 1884, in sum of $100, at three months, due July 13th, 1884.

4. One, dated May 17th, 1884, in sum of $267.65, at sixty days, due July 20th, 1884.

5. One, dated April 2d, 1884, in sum of $125, at four months, due August 5th, 1884.

It is not disputed here, that these notes were given by Sharbaugh, the alleged agent of defendant, and accepted by the plaintiffs, with the intention on part of the drawer and payees of extending the time of payment of the balance due on the book account; they represent, with the exception of $52.67, in the aggregate the balance due on the book account, they were not given as payment of or in satisfaction of the book account.

When the first two notes, the ones falling due on June the 5th and 9th, 1884 matured, the plaintiffs brought suit, to wit: 1st July, 1884, to No. 19, October Term, 1884, of Common Pleas of Blair county.    On 31st July, 1884, *narr* was filed, in which plaintiffs declared on the common counts in assumpsit; also on special counts on the two notes; to the *narr* was also attached and filed with it, verified, as required by the rules of the Court, a copy of plaintiffs' books of original entries, embracing the amount of balance represented by the five notes; also a small balance of $52.67, not represented in the notes. After attaching the sworn copy of book entries, and giving copies of the two notes, at the end of the declaration, there follows the last indorsement of plaintiffs' counsel giving a statement of plaintiffs' claim, thus:

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Book Account . | . | . | . | . | . | . | . | $52 | 67 |
| Probate . | . | . | . | . | . | . | . | | 50 |
| Interest from July 5th, 1884 | | . | . | . | . | . | | | |
| Note due June 5th, 1884 | | . | . | . | . | . | | 100 | 00 |
| Interest from June 5th, 1884 | | . | . | . | . | . | | | |
| Note due June 9th, 1884 | | . | . | . | . | . | | 225 | 00 |
| Interest from June 9th, 1884 | | . | . | . | . | . | | | |

This suit was prosecuted to trial and final judgment on verdict. It is distinctly proven that no portion of the book account was claimed on the trial of that case, or passed on by the jury, except the balance of $52.67, and so much as was then represented by the two notes then due.

After the other three notes matured, the plaintiffs brought suit on the balance of their book account as represented by these three notes. In their declaration filed, after setting out the common counts, they declare specifically that time of payment of so much of the book account as is represented by these three notes had been extended; that time of payment had passed and the several sums specified in the notes were due and unpaid. At the end of the declaration plaintiffs' claim is stated as follows:

| | | | | | | |
|---|---|---|---|---|---|---|
| Balance due July 13th, 1884 | . | . | . | . | . | $100 00 |
| Interest from July 13th, 1884 | . | . | . | . | | |
| Balance due July 19th, 1884 | . | . | . | . | . | 267 65 |
| Interest from July 19th, 1884 | . | . | . | . | | |
| Balance due August 5th, 1884 | . | . | . | . | | 125 00 |
| Interest from August 5th, 1884 | . | . | . | . | | |

Along with the declaration, in this suit, is filed also a copy of plaintiffs' books of original entries verified as required by the rules of Court. This copy, except including additional interest, is the same as filed in No. 19, October Term, 1884. The claim of plaintiff here in his evidence is limited, however, to so much of the balance due on the account as is represented by the last three notes; he expressly disclaims the right to any portion of the account not covered by the last three notes.

On this state of facts defendant bases his third point, that his plea of "former recovery" is sustained and he must have a verdict.

The authorities establish, that a note given as collateral merely, and not in payment of an antecedent book debt, does not extinguish the original cause of action on the account; and if the defendant were now moving for a nonsuit, because the claim was not founded on the notes, plaintiffs might successfully invoke this rule against him. It seems to us, however, in view of the facts here, the rule has no application. Neither party alleges that the debt on the book account was paid by giving the notes; both affirm that it was not. The plaintiffs argue, that by accepting the notes the date of payment was postponed; the defendant alleges that the whole of the book account could have been sued upon at any time, notwithstanding the time given in the notes; as it could have been claimed in the first suit they were bound, he alleges, to

lay it before that jury and have it passed on by them, and it must now be assumed that it was passed on.

The record does not show that it was claimed; the plaintiffs' claim on their *narr* is expressly limited to three items, viz.: The small balance of $52.67 and probate, and two notes then due. In this suit the claim is limited to the amount covered by the three notes not due when the first suit was brought. No evidence is offered to contradict the record in the first case; evidence is given in explanation of it.

At request of Sharbaugh, alleged agent of defendant, plaintiffs agreed to give defendant time by accepting notes at short dates. By this arrangement the plaintiffs reaped this advantage: the balance was settled beyond dispute, by a distinct written admission, and they had their debt in the shape of negotiable paper which they might at once use. The defendant secured the time stipulated for by him in the notes. The defendant by giving the several notes and the plaintiffs by accepting them in consideration of the advantages resulting to both, impliedly agreed that a book account then due should be paid in instalments; there is no reason why they should not so agree if they chose; there is no reason why plaintiffs should not sue for each instalment as it became due. If the defendant had given plaintiffs a bond in the full amount of the balance of the book account payable in instalments as provided by these notes, the plaintiffs could have proceeded to collect the instalments as they became due; the judgment for one instalment would have been no bar to a recovery for a second not due when the first suit was brought. Here the entire book account is adopted as the sum due; it is made payable by instalments in giving and accepting the notes. The pleadings in the first suit might have been so framed as to aver with more certainty the precise sums sued for, but to recover the instalments due on the book account it was necessary under the rule of Court to file a copy of the whole account; the pleadings clearly disclose that plaintiffs' claim was limited to the three items mentioned; the agreement for extension by instalment is not inconsistent with the record; why should it not be enforced? On the facts before us, the plea of "former recovery" comes with a poor grace from this defendant. He argues the plaintiffs could have sued at once for the entire amount of the book account and were bound to do so; but that is just what he wanted to prevent by the agreement stipulating for the time specified in the notes; he now complains that plaintiffs did what, at his request, they agreed to do, gave him time; because they did not take all they might have taken, notwithstanding their agreement, they must not have what is yet unpaid. We think the agreement

for time, after the plaintiffs had accepted the notes. is one which would have been enforced against them, had they at-tempted its violation; after the defendant has had the time he stipulated for, it is one which ought to be enforced against him. As the record itself does not conclusively show that the first suit was for the same cause of action as this, while the un-, disputed evidence from the witness stand shows that it was not, we deny defendant's third point.

Verdict for the plaintiff in the sum of $505.65 and judgment thereon, whereupon the defendant took this writ, and filed, *inter alia*, the above two assignments of error.

*Samuel S. Blair*, for plaintiff in error.—It is a familiar prin-ciple that the receipt of the debtor's note does not discharge the debt unless it be so agreed. It is a mere concurrent se-curity: Weakly *v.* Bell, 9 W., 280.

There is no implication that the creditor agrees to give time for the payment of the original debt, arising out of the fact that he takes a note at a future day on account of it: Shaw & Leigh *v.* the First Reformed Presbyterian church, 3 Wr., 226.

The whole account then having been due and recoverable in the first suit, the plaintiff is not at liberty, either out of a spirit of courtesy or any other spirit, to take a verdict and judgment for a part only and sustain a subsequent suit for an-other part of the account. If he can, then he may split up an account into as many separate causes of action as there are items. The cause of action—the account—was entire, and whether from "courtesy" or misapprehension of the law, he failed to recover any part of it, they are barred of a second suit, whereby the defendant may be oppressed : Hess *v.* Heeble, 6 S. & R., 57.

If the evidence in the second suit would have been equally available in the first suit, then the verdict and judgment in the first is an absolute bar to any recovery in the second: Logan *v.* Caffray, 6 Casey, 177.

There is no rule of legal practice of higher value than that which arrests the strife of litigation by declaring that one suit and judgment is an end of controversy as to all matters in issue, and which ought to have been put in issue : Russell *v.* Langley, 7 H., 508.

To permit a party to recover in a second action what was included in and might have been recovered in the first action, would be against the policy of the law and unjust, because it would harass a defendant and expose him to double costs: Brenner *v.* Mayer, 2 Out., 274.

The rule is not to be relaxed from any consideration of hard-ship: Hess *v.* Heeble, *supra*; Logan *v.* Caffray, *supra*.

*A. A. Stevens*, for defendant in error.—If a party out of courtesy or any reason of accommodation agrees to extend time for the payment of an overdue account, and accepts as collateral to such extension negotiable notes of the debtor, such an extension is a valid and subsisting contract, such as the Court would compel the creditor to observe in good faith. An action could not be maintained until the time of extension had expired.

If parties agree that a debt shall be payable in instalments, they have severed it, and a recovery of one instalment under a declaration which counts for the whole debt, does not bar a subsequent suit for an instalment not due when the first suit was brought: Sterner v. Gower, 3 W. & S., 143.

Where consideration was to be paid in parts, partial payments may be enforced without involving the whole debt: Logan v. Caffray, 6 Casey, 201.

Assumpsit will lie for money to be paid at different times, as each sum becomes due: Cook v. Whorwood, 2 Saunders, 338; Ashford v. Hand, Andrews, 270, cited in Wilson v. Wilson, 9 S. &. R., 429.

If claims may be counted on separately they are separate causes of action, and a suit for one cause is no bar to the other: Killion v. Wright, 10 Casey, 92; Croft v. Steele, 7 Watts, 374.

Where it appears from extrinsic evidence that the matter was properly within the issue controverted in the former suit, if it be not shown that the verdict and judgment necessarily involved its consideration and determination, it will not be conclusive: Coleman's Appeal, 12 P. F. S., 272; Hawk v. Bridenback, 5 S. & R., 204; Sterner v. Gower, 3 W. & S., 143.

The evidence in this case would not have been available in the first. The statement of claim at the conclusion of the *narr* was equivalent to a bill of particulars, and nothing could be recovered thereunder that was not included in the *narr* and bill: Dilzer v. Beethoven Building Association, 13 W. N. C., 165; Gilpin v. Holwell, 5 Barr, 54.

The plea of former recovery is composed partly of law and fact,—is a mixed question,—and where there is any conflicting testimony is always for the jury: Wilson v. Wilson, 9 S. &. R., 429; Rockwell v. Langley, 7 H., 509.

Mr. Justice CLARK delivered the opinion of the Court, October 4th, 1886.

This action of assumpsit was brought by W. H. Wilson & Co. against Dr. M. J. Buck, on a book account, for goods sold and delivered. The defendant gave in evidence the record of a former action, upon which judgment had been rendered in

[Buck v. Wilson et al.]

favor of the plaintiff, and under the plea of the general issue, defended upon the ground of a former recovery. See Finlay v. Handbest, 6 Casey, 190. The former suit was also an action of assumpsit, for goods sold and delivered, and an examination of the particular statement of the plaintiff's claim, filed in the respective suits, shows that the items are in each case identical. The sales, it is admitted, were on thirty days credit; the last item in the account was for goods sold and delivered, 23d April, 1884. The first suit was instituted on the 1st of July, 1884, and the entire claim of the plaintiff was, therefore, at that time, due and payable.

The plaintiffs contend, however, that on the 1st July, 1884. their whole account against the defendant amounted to $1,595.95 ; that the defendant had given to them his notes, as follows: March 6th, 1884, at three months, for $225 ; April 2d, 1884, at two months, for $100 ; April 10th, 1884, at three months, for $100 ; April 2d, 1884, at four months, for $125 ; and May 17th, 1884, at sixty days, for $267.65, and that the payment of the account was thereby extended, according to the tenor and effect of the several notes.

Deducting the credits, and the amount of these notes, the balance of the account, on the 1st July, 1884, was $52.67, and the plaintiffs say, that the suit, instituted on that day, was for the recovery of that portion of the account represented by this balance, and the first two of the notes above recited, which were then due and unpaid; that the itemized copy of account filed showed a balance of $52.67, and was accompanied by copies of the two notes only. The verdict and judgment in that case was for the plaintiffs in the sum of $393.30.

The present action, they say, is brought to recover that portion of the account represented by the last three notes. The suit is not upon the notes ; it is for goods sold and delivered. A copy of the book entries, properly verified by the oath of the plaintiffs' book-keeper is filed, and these entries are, as we have said, precisely the same as were contained in the former suit; the balance, however, which the account discloses to be "due and owing thereon," is $875.46, which is, as the account itself shows, the amount of the whole five notes before mentioned, with the interest thereon, and the $52.67, which, with the first two notes, was embraced in the previous action. The plaintiffs' claim at the trial, however, notwithstanding the showing of the account, and of the accompanying affidavit, was for that part of the account only which is represented by the last three of the notes, and as showing this, we are referred to an indorsement on the narr to that effect.

It is admitted that the notes were neither given nor received in payment of the account; that there was no other extension

[Buck *v.* Wilson et al.]

of time on part of the plaintiffs when the notes were given, than was to be implied from their receiving them. Mr. Wilson, the plaintiff, testified that they were not considered as a payment, until they were paid. "They weren't taken," he says, "as a settlement of the account, because they weren't paid; they were charged back to his account, the same as you would take a check; if the check is good it is all right." A promissory note, taken for the whole or part of a debt, will only operate as an extinguishment of it, if so intended by the parties. The notes did not, therefore, discharge the original debt, evidenced by the account; they were taken merely for convenience, and as concurrent securities only.

A debt due upon a continuous account of book entries, made in the ordinary course of dealing, is entire; it cannot, without agreement to that effect, be split up into separate and distinct demands, so as to form the basis of several suits; if divisible into two parts, it may, on the same principle, be divided into as many parts as it contains distinct items of charge, and no one would suppose that an action might be instituted on every item in a book account. It is undoubtedly true, however, that if parties contract that a debt shall fall due, and be payable in instalments, they have severed it, and distinct recoveries may be had for the several instalments or portions of the debt, according to the agreement, without involving the whole debt; but when the consideration is fully executed, and there is no stipulation of severance, the obligation to pay is ordinarily indivisible and entire. Sterner *v.* Gower, 3 W. & S., 143; Logan *v.* Caffray, 6 Casey, 196.

In this case, however, it is not pretended, as we have said, that there was any actual or express agreement to this effect. Mr. Wilson, himself, says there was "no special agreement," about extending the account, more than was implied in taking the notes; that the notes were credited in the account and charged back if not paid; they can therefore, neither be regarded as effecting payment of the debt, nor an extension of the time of payment. For, "where a creditor takes from his debtor a note payable at a future day on account of his claim, the law raises no implication that he agrees to give time, until the maturity of the note, for the payment of the original debt: but the agreement must be proved as a fact, dependent upon the understanding of the parties at the time when the security was given." Shaw *v.* Church, 3 Wr., 226; see also, Weakly *v.* Bell, 9 Watts, 273; Bank *v.* Potius, 10 Watts, 150. When the cause of action is the same, a former judgment, in a suit between the same parties, though an inadequate one, is a bar to a second recovery: Pinney *v.* Barnes, 17 Conn., 420; so, an action brought for a part of an entire and indivisible de-

[Godcharles & Co. v. Wigeman.]

mand, and a recovery therein, will bar a subsequent suit for the residue of the same demand: Rendavogle v. Cocks, 19 Wend., 207. See also Staples v. Goodrich, 21 Barb., 317; Warner v. Comings, 6 Cush., 103; Lewis v. Lecompte, 42 Ill., 303.

There can be no question, under the evidence, that on the 1st July, 1884, if, in case of the threatened insolvency of the defendant, the plaintiffs had desired to collect the whole debt, they might have done so; the entire claim or demand of the plaintiffs was then due and unpaid, and they had the undoubted right to sue for and recover it. It is equally clear that the plaintiffs had a right in the first suit to proceed upon the two notes then due, which they then held as concurrent or cumulative securities; but they proceeded also upon the account, declaring for goods sold and delivered, and filed an itemized statement or bill of particulars, embracing every item of charge, in the account filed in the present case. If they allowed credit upon it, to which the defendants were not entitled, and in consequence failed to recover as much as they were in fact entitled to recover, their failure must be attributed to a misapprehension as to the effect of such a proceeding; but in our view of the case they are certainly barred from recovering in a second suit, for the same subject matter embraced in the first. To permit a party to recover in a second action what was included in and might have been recovered in the first, would be against the policy of the law and unjust, because it would harass a defendant and expose him to double costs: Brenner v. Mayer, 2 Out., 274; Hess v. Heeble, 6 S. & R., 57.

The judgment is therefore reversed.