THE WILLIAMS-ABBOTT ELECTRIC COMPANY, Appellant, v. MODEL ELECTRIC COMPANY, Appellee, and twelve other cases of like title.

**Multiplicity of actions:** SUITS ON ACCOUNT: BAR TO RECOVERY. The sale of goods although at different times and upon different orders, payment for all of which has matured, constitutes but a single demand and separate suits based upon each distinct order and sale cannot be maintained, although in itself a complete transaction; and a recovery upon one such order and sale is a bar to an action upon the other sales then due.

*Appeal from Des Moines District Court.—* HON. W. S. WITHROW, Judge.

THURSDAY, JUNE 6, 1907.

THE opinion states the case.—*Affirmed.*

*Seerley & Clark,* for appellant.

*Charles Wilner* and *Poor & Poor,* for appellee.

WEAVER, C. J.— The plaintiff corporation is a dealer in electrical machinery and supplies at Cleveland, Ohio, and during the year 1905 made twenty sales of its goods to the defendant, a corporation doing business at Burlington, Iowa. The goods thus sold included a very large number of items, and aggregated in value something more than $1,000. The bills of the several sales ranged in amount from seventy-three cents to $176.25 ; four of them being for amounts in excess of $100. The precise terms upon which this business was done are a matter of some controversy, but it seems to be fairly well established that an understanding existed by which the goods were to be furnished on " regular terms " or " regular 30-day terms " or " 30 days net." These phrases are said to mean that the buyer is entitled to thirty days' credit, subject to an agreed discount if paid within ten days from date of the invoice. The plaintiff entered the several sales upon its books of account after the ordinary manner of merchants and dealers. The account with the defendant was opened in June, 1904, and, at the end of that year having several items upon both the debit and credit sides, it was balanced and a small debit balance carried into the account for 1905. At different times during the latter year plaintiff made and sent to defendant different statements of account. The last of these statements was sent after all the sales in controversy were made. It shows in separate items the sales for each calendar month and their aggregate of $1,008.66, with several credit items, leaving a balance against the defendant of $992.71. About this time some controversy arose between the parties over alleged infringements by plaintiff upon a certain patent which defendant claimed to own or control. Thereafter the plaintiff divided its claim or claims into fourteen separate parts, and brought thereon fourteen separate suits in the court of a justice of the peace. In some of these actions two or more of the smaller bills aggregating

less than $100 were united, and, where a sale made upon a single order aggregated more than $100, the items thereof were divided into parts of less than $100, and each made the subject of a separate suit. One of the actions thus brought was carried to judgment in favor of plaintiff for $45, and this judgment was pleaded by the defendant as a bar to the recovery by the plaintiff in each of the other actions. The justice of the peace found for the plaintiff, and entered judgment against the defendant for the amount claimed in each of the contested cases, and from the judgment in each case the defendant appealed to the district court. In the district court plaintiff amended its petition, in each case alleging, in substance, that the several sales were made upon special contracts or orders, and not upon account, and that each was made upon a credit of thirty days, and were therefore each properly the subject of a separate action. The defendant also amended its answer, alleging that on August 1, 1905, the plaintiff stated its account with defendant in writing, and sent the same by mail to the defendant at Burlington, Iowa, where it was duly received, and that by said statement all the sales in controversy were set forth in a single account and consolidated into a single charge, from which the aggregate of its credits was deducted, showing the balance stated as due from defendant to plaintiff to be $992.71, to the correctness of which the defendant assented and never at any time objected. Defendant further alleged that, for the fraudulent purpose of making it appear that said single demand of $992.71 was within the jurisdiction of a justice of the peace, the plaintiff wrongfully and fraudulently divided the same into 14 parts, thus making a division of several bills each for more than $100 for goods furnished the plaintiff at one time and upon a single order or request, and upon these separate parts or portions of the account brought fourteen separate suits against the defendant, in each of which said plaintiff recovered judgment. Defendant further alleges in each of said thirteen cases in which

appeal had been taken the cause of action upon which plaintiff demands a recovery is part of a legally indivisible cause of action for more than $100, and is therefore not subject to the jurisdiction of a justice of the peace, and for this reason such action should be dismissed at the plaintiff's costs. The issues in the several actions were tried to the district court without a jury. After hearing the evidence the court found for defendant, dismissed the several actions, and in each case entered judgment against the plaintiff for costs. From said judgments appeals have been taken to this court.

The foregoing statement sufficiently recites the material facts, and we turn at once to the single question of law involved therein. The proposition that a continuous book account is entire, and cannot without agreement of the parties be split into separate and distinct demands to form a basis for several suits, is one which has general recognition by the authorities, and is no longer open to question. *Guernsey v. Carver,* 8 Wend. (N. Y.), 492 (24 Am. Dec. 60); *Buck v. Wilson,* 113 Pa. 423 (6 Atl. 97) *Pinney v. Barnes,* 17 Conn. 420; *Bendernagle v. Cocks,* 19 Wend. (N. Y.), 207; *Field v. Major,* 6 N. Y. 180 (57 Am. Dec. 435); *Borgesser v. Harrison,* 12 Wis. 548 (78 Am. Dec. 757). These authorities uphold the contention that an account consisting of one or more items, all of which are due and payable, constitutes but one demand, and if the party to whom the same is due sees fit to bring suit for a part thereof and recovers judgment, such recovery will be a bar to further suit upon the remainder of the claim. In the *Guernsey* case, above cited, the plaintiff had an account against the defendant consisting of twenty different articles delivered on fourteen different days amounting to about $6. He commenced suit against the defendant, setting up a part of the items charged, and the suit so brought was prosecuted to judgment. Thereafter he brought a suit to recover for the remaining items, and the judgment in the first suit was pleaded in bar. The trial court held that, as the several items rep-

resented distinct sales, separate suits might be maintained on each separate delivery. On appeal the judgment of the trial court was reversed in an opinion by Nelson, J., who says: " The whole amount being due when suit was brought, it should be viewed in the light of an entire demand, and incapable of division for the purpose of prosecution. The law abhors a multiplicity of suits. According to the doctrine of the court below, a suit might be sustained after the whole became due upon each separate item delivered, and, if any division of the account is allowable, it must no doubt be carried to that extent. Such doctrine would encourage intolerable oppression upon debtors and be a just reproach upon the law. The only just and safe rule is to compel the plaintiff on an account like the present to include the whole, if due, in a single suit."

It is the theory of the appellant that, because the goods sold to the defendant were furnished at different times and upon different orders, each transaction supports an independent cause of action, and that the mere entry of the several items or sales in a single account has no effect to deprive such sales of their independent character, or require that they should be prosecuted in a single action. Some cases are cited apparently holding to the doctrine thus stated, but in our judgment they are not sustained by the weight of authority or by the better reason. We see nothing in the present case to distinguish it from the ordinary case between the wholesale dealer and the retail merchant involving an account for goods sold from time to time. In the very nature of things, these accounts are made up of sales made on different dates for varying amounts, and, though each transaction is complete in itself, yet the account into which these items are carried is one, and the varying balance from time to time represents the demand for which right of recovery exists. If it were otherwise, then, after an account has run for an extended period and embraces scores and perhaps hundreds of items each representing a distinct sale and each and

all due and payable, the seller could maintain as many different suits as there are distinct items in his demand. Such result would be so oppressive, and open the door to such manifest abuse, that it should not have the approval of a court of justice.

The fact that the sales may have been made on a credit of thirty days does not alter the aspect of the question here presented. Such terms of sale would, of course, have the effect to make the charges mature at different times, and action would not lie on any such item until the term of credit had expired. In bringing suit upon an account based upon sales of this character, the plaintiff would not be required to include therein those which were not yet due according to the terms of sale; but, in so far as the items charged for were due and payable, they would constitute a single demand for the same reason and on the same principle which applies to accounts based upon sales without any special agreement with reference to time or credit. In *Buck v. Wilson, supra,* the Pennsylvania court had to deal with a question identical with the one now before us, in the fact that the several sales, the charges for which consituted the account sued upon, had been made each on thirty days' credit. After the entire account was due plaintiff brought action, and recovered judgment upon several of these items. Thereafter he brought another action upon the remainder, and the judgment in the former case was pleaded in bar of his recovery. The court held the defense good, and plaintiff was defeated.

This rule is not applied to open accounts only. If A. makes and delivers to B. his promissory note payable in five yearly installments, a right of action accrues to B. upon each installment as it falls due, and he may maintain five successive suits thereon as the several payments mature, if he so elects, but, if he neglects to sue until all such installments have matured, he cannot bring five separate and distinct suits upon the note, but must prosecute his demand in a single proceeding if he would avoid the effect of the rule to which

we have referred. Again, if a promissory note be drawn payable ten years after date, with interest at a given rate, payable thereon semiannually, action may be maintained for the recovery of each semiannual installment of interest as it falls due, but, if no suit be brought and no interest be paid on the note until it becomes due, we think there is no rule of law which would permit the holder to bring one action for the recovery of the principal and twenty other different actions for the recovery of the several unpaid installments of interest. The law is intended to secure the citizen in the enjoyment of his personal and property rights and to afford him a fair remedy when those rights are infringed; but it is careful to see that the remedies thus provided are not perverted into means of injustice and oppression. Nor is it necessary to the application of the rule that the items charged in the account should be all of the same nature or that the several sales upon which they are based should be made under or pursuant to a single contract. In *Stevens v. Lockwood,* 13 Wend. (N. Y.), 644 (28 Am. Dec. 492), the plaintiff brought suit against the defendant upon an account or series of items made up of charges for money advanced, for house rent, for labor, for wood, and for other items, making a total of $123.46. Before the case was submitted, the plaintiff withdrew from his claim part of the items therein charged, and recovered a judgment upon the remainder. Thereafter he brought another suit upon the items so withdrawn from the former demand. It was held that the former recovery was a bar to the second action. The court there says that the " rule laid down in *Guernsey v. Carver* is in accordance with *Markham v. Middleton,* 2 Str. 1259, and with good sense, and is not opposed at all to the principle in *Phillips v. Berick,* 16 Johns. 136 (8 Am. Dec. 299). It is applicable to this case, for, although this is not a merchant's account, it is one continuous account, and in the meaning of the preceding cases indivisible, and one suit and only one should be sustained. Upon a contrary prin-

ciple a separate suit might be brought for every separate item of the account, and 20 or more might be brought where only one was necessary." The line of distinction between cases where the rule applies and cases in which separate actions may be maintained is not always well defined, and there is some lack of harmony in precedents, but, according to our view, the sounder principle and the better reasoning sustains the conclusion reached by the trial court in this case.

We find no reversible error in the record, and the judgment of the district court is therefore *affirmed*.