## Brandenburg, Appellant, *v.* Coxe.

*Receivers—Corporations—Insolvency—Contract—Sales agent.*

Where the general sales agent of a corporation sends in orders which are accepted by the company, but before they are filled, the company goes into the hands of a receiver, the latter may, if he does not adopt the general sales contract with the agent, fill the orders on hand, without being liable as receiver for the commissions of the agent under the contract. As to such commissions the agent is in the same position as other creditors.

Argued Feb. 28, 1910. Appeal, No. 392, Jan. T., 1909, by plaintiffs, from judgment of C. P. Berks Co., Nov. T., 1908, No. 37, for defendant non obstante veredicto in case of C. G. Brandenburg et al., trading as Brandenburg & Company, v. John L. Coxe, Receiver of Keystone Wagon Works. Before FELL, C. J., BROWN, MESTREZAT, POTTER and STEWART, JJ. Affirmed.

Assumpsit for commissions on sales.

ENDLICH, P. J., filed the following opinion:

The Keystone Wagon Works had a contract with plaintiffs, running to July 1, 1910, constituting plaintiffs its agents for the sale of automobile bodies, etc., at a commission of ten per cent upon the aggregate net price of all such bodies, etc., sold, manufactured, and shipped by the company. Orders procured by plaintiffs were subject to the approval of the company and prices fixed

by it. It was to furnish to plaintiffs monthly, between the fifth and fifteenth, a statement of the net selling price of all bodies, etc., shipped during the preceding month, and between the tenth and twentieth, to pay them the percentage figured upon that statement. It was provided that the contract should be binding unless either of the parties should become insolvent, in which case it might be terminated as soon as all payments then due were made. On November 29, 1907, the wagon works, having become insolvent, went into the hands of defendant as receiver. At that time there were unfinished and unshipped a number of automobile bodies, etc., for part of which the plaintiffs had obtained orders approved by the company. Under authority from the court the receiver proceeded to complete the bodies, etc., and when completed shipped them to the persons to whom they had been sold, the net selling price amounting to $20,520.10. Plaintiffs claim that they are entitled in this action to recover from the receiver ten per cent on that amount under the contract referred to. There being no facts in dispute, a request by defendant for binding instructions was declined and a verdict directed and taken for plaintiffs, whereupon these rules were entered.

This is an action of assumpsit. Its maintenance requires privity of contract: Blymire v. Boistle, 6 Whart. 182; Morrison v. Beckey, 6 Whart. 349; Finney v. Finney, 16 Pa. 380; Brown v. Title & Trust Co., 174 Pa. 443. There was no express promise by defendant to plaintiffs. Is there any to be implied? It is not disputed, either that a receiver may refuse to assume and carry out a contract of the company executory at the time of his appointment, or that if he elects to adopt such contract and accepts the benefit of it, an assumption by him of its obligations is to be implied. A most apt illustration of this principle is found in Spencer v. Columbian Exposition (Ill.), 45 N. E. Repr. 250. There a company had obtained the concession for a certain period of a space

for restaurant purposes, the contract granting it stipulating for the payment in consideration of it of a percentage upon the gross receipts. The company became insolvent and a receiver was appointed when but half the term for which the concession had been made had expired. The receiver continued to occupy the space and to carry on the business, completing the term and receiving the profits. It was held that he could not at the end of the term repudiate the contract and pay the exposition on the basis of a mere quantum meruit. But the case not only illustrates the application of the principle: it also marks, by the contrast between its facts and those of the present case, its inapplicability to the latter. There the receiver's acts were a daily affirmance of the contract of concession. But for the continuance of the privilege secured by it he would have been a trespasser. Of course he could not have the benefit of the contract without assuming its burdens, and hence his assumption of them was bound to be implied. If here it appeared that the receiver (supposing him to have been so empowered) had continued the business of manufacturing automobile bodies, etc., accepting new orders for such from the plaintiffs under the old contract, or even only approving previously sent in orders not yet approved by the company, filling them and receiving payment for them, and the claim now in suit involved the question of his liability for the commissions fixed by the contract, the case cited might go far towards sustaining the plaintiffs' position. But that is not what we have here. It is not alleged that the receiver continued the company's business in the sense indicated. He continued it merely to finish what had been begun by the company. Plaintiffs sold nothing for him. They had sold the automobile bodies, etc., for the company. According to the contract they had with it, by which the parties had made their own law: Hartley v. Decker, 89 Pa. 470, 473, their services to the company, which were continuous, entitled them to a certain compensation

from the company. They were its creditors for the amount of that compensation. Payment of it was to be made at the times and upon the basis provided for in the contract; that is to say, every month they were entitled to receive, not ten per cent upon the price of this or that particular body, etc., or of all the bodies, etc., they had found purchasers for, but a sum equal to ten per cent upon the aggregate sales of bodies, etc., shipped by the company during the preceding month, no matter by whom sold—and so on until the termination of the contract by its expiration or of the business of the company by its insolvency. It will be noticed that the completion and shipping of the bodies, etc., were no concern of the plaintiffs except as furnishing the measure of the monthly payments to be made to them. Their claim against the company under the contract was perfect without this. In other words, the indebtedness to plaintiffs arising by virtue of the contract, was the company's debt at the date of the appointment of the receiver. When therefore the receiver, taking charge, found in process of manufacture certain automobile bodies, etc., already sold to certain parties through plaintiffs' agency, and finished and delivered them, he created no new liability in favor or against anyone. He did not adopt the sales made by the plaintiffs. The company had done that. He did not accept any duty or benefit under the company's contract with plaintiffs, which the company had not accepted. He simply performed a duty assumed by the company towards the vendees in approving those sales and thereby making them its own. He, in other words, adopted and fulfilled its contracts with its vendees. Surely in so doing he cannot be said to have assumed any liability towards plaintiffs, with whom he had no dealings and came into no relation whatever, or to have adopted their contract with the company as a continuing one. The contrary would seem to be one of those self-evident propositions of which it is said in Miller v. Miller, 187 Pa. 572, 583, that they are not the subject of demon-

stration, and in Smoot v. B. & L. Assn. (Va.), 29 S. E. Repr. 746, that the attempt to elucidate them serves rather to obscure.

The conclusion appears inevitable that there is no occasion for the granting of a new trial, and that defendant is entitled to judgment.

The rule for a new trial is discharged, and the rule for judgment n. o. v. made absolute.

At the trial the jury, under binding instructions, returned a verdict for the plaintiffs for $2,052.01. The court subsequently entered judgment for defendant non obstante veredicto.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*Cyrus G. Derr*, for appellants.—If the receiver elected to adopt the sales, it necessarily involved an adoption of the contract under which the sales had been made, and entitled the appellants to the commission provided by that contract: Spencer v. World's Columbian Exposition, 45 N. E. Repr. 250; Central Trust Co. v. East Tennessee Land Co., 79 Fed. Repr. 19; Girard Life Ins., etc., Co. v. Cooper, 51 Fed. Repr. 332; United Electric Securities Co. v. Louisiana Electric Light Co., 71 Fed. Repr. 615.

*J. Bennett Nolan*, with him *Joseph R. Dickinson*, for appellee.—The declaration avers that it was the sales which were adopted, and bearing in mind that these sales consisted of orders received and accepted by the company before the receivership, it is clear that the appellants rendered no services to the receiver from which this obligation could arise.

No act of the receiver was the act of the wagon works done through him. The receiver occupies the same position as a stranger who might have filled the orders upon the failure of both the wagon works and the receiver to

do so, and such stranger would not have been liable to pay the appellants for the reason that he never undertook to do so. See Atkinson *v.* Schoonmaker et al., 12 Mo. App. 425.

PER CURIAM, May 9, 1910:

We concur in the view expressed in the opinion of Judge ENDLICH, on which we affirm the judgment appealed from, that there was not an adoption by the receiver of the contract between the plaintiffs and the Keystone Wagon Works, as a continuing contract, but merely the use by him of orders received by the corporation before his appointment. The plaintiffs' claim for orders procured for and accepted by the corporation was complete at the time of the appointment of the receiver and for it they have the same remedies as other creditors.

The judgment is affirmed.