## Brandenburg, Appellant, *v.* Brooke.

*Contract—Sales agent—Commissions—Corporations—Insolvency.*

1. Where a contract between a manufacturing corporation and its sales agents, a partnership, provided that the agents should receive as a compensation for their efforts ten per cent commission upon the aggregate price of all goods sold by the company during the continuance of the contract whether sold by the agents or not, payable monthly on statements furnished by the company, with a further provision that the contract was to continue to a certain date unless the parties became insolvent, when it was to terminate as soon as all payments then due should have been made, the sales agents are entitled on the insolvency of the company to recover only the monthly percentages due at the time of the appointment of a receiver, and not to any percentages on shipments made by the receiver on orders previously procured by the sales agents.

2. If after the receiver is appointed the sales agents bring two suits, one for commissions on shipments up to the date of the receivership, and one for commissions on shipments made thereafter on the orders of the agents, and it recovers a judgment in the first suit, but fails to recover a judgment in the second suit, the agents are not entitled to claim anything from the fund in the hands of the receiver, over and above what was adjudicated in the first suit because, (1) the claim is res adjudicata by that suit, and (2) they are not entitled to anything beyond their monthly percentages up to the date of the receivership.

Argued Nov. 17, 1910.  Appeal, No. 248, Oct. T., 1910, by plaintiffs, from decree of C. P. Berks Co., Equity Docket, 1907, No. 946, sustaining exceptions to auditor's report in case of C. G. Brandenburg et al., trading as Brandenburg & Company, v. George Brooke, Jr., Trustee. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ.  Affirmed.

Exceptions to report of D. N. Schaeffer, Esq., auditor.

ENDLICH, P. J., filed the following opinion:

Brandenburg & Company had a contract with the Keystone Wagon Works, running from February 1, 1907, to July 1, 1910, constituting the former sole agents for the latter for the sale of automobile bodies, etc., at a commission to be figured at ten per cent upon the aggregate net price of all automobile bodies, etc., sold, manufactured and shipped by the company during the continuance of the contract.  The company was to furnish to the agents monthly, between the fifth and fifteenth, a statement of the bodies, etc., shipped during the preceding month, and between the tenth and twentieth to pay them the percentage figured thereon.  It was provided that the contract should be binding unless either of the parties became insolvent, in which case it might be terminated as soon as all payments then due should have been made.  On November 29, 1907, the company, having become insolvent, went into the hands of a receiver, who under authority from this court proceeded to complete the bodies, etc., for which orders were on hand, and shipped them, when completed, to the persons to whom they had been sold.  At the date of the appointment of the receiver the company was in arrears in the payment of the stipulated percentage past due and becoming due to the agents, and no further payments were made to them by the receiver.  The agents brought two suits for the recovery of what they considered themselves entitled to,—one to No. 36, Nov. T., 1908, against the company for payments due on shipments up to the date of the receivership, and one to No. 37, Nov. T.,

1908, for payments claimed to have become due to them on shipments made since its commencement. In the former a verdict was rendered for plaintiffs for $1,451.98 and judgment entered thereon. In the latter, a verdict having been rendered for plaintiffs, judgment was subsequently entered, notwithstanding the same, in favor of defendant, which was affirmed upon appeal: Brandenburg v. Coxe, 228 Pa. 212. The ground of the decision was that there was no cause of action against the receiver, the plaintiffs' claim, if they had any, being against the company, because any indebtedness to them arising by virtue of the contract was the company's debt at the date of the appointment of the receiver. Says the Supreme Court:

". . . . there was not an adoption by the receiver of the contract between the plaintiffs and the Keystone Wagon Works, as a continuing contract, but merely the use by him of orders received by the corporation before his appointment. The plaintiffs' claim for orders procured for and accepted by the corporation was complete at the time of the appointment of the receiver, and for it they have the same remedies as other creditors."

After this decision Brandenburg & Company presented before the auditor appointed to distribute the fund in the hands of the receiver, as a claim against the Keystone Wagon Works, the claim they had made against the receiver for pro rata allowance out of that fund. To his allowance of it these exceptions have been filed. They are in substance (1) that the recovery by Brandenburg & Company in No. 36, Nov. T., 1908, must be treated as having been in full of their demand against the company and precludes them from making any further claim,—and (2) that under the contract they are not entitled to percentages on shipments made subsequently to the commencement of the receivership.

1. The decision in Brandenburg v. Coxe, 228 Pa. 212, conclusively settled that whatever claim Brandenburg & Company had under their contract with the Keystone Wagon Works was a claim against that company, complete

at the time when the receiver was appointed.  Though the precise amount of the claim was not then ascertained, it was ascertained, or capable of ascertainment before the institution of the suits referred to.  As a whole it comprehended all that was sought to be recovered in both of them, and might have been included, and in so far as recoverable at all, recovered, in the action against the company to No. 36, Nov. T., 1908.  It is inexorable law, as laid down, among many cases, in Schwan v Kelly, 173 Pa. 65, 71, and as lately as Stradley v. Cement Co., 228 Pa. 108, 114, that—

"The rule that what has been judicially determined shall not again be made the subject of controversy extends to every question in the proceedings which was legally cognizable, and applies where a party has neglected the opportunity of trial, or has failed to present his cause or defense in whole or in part under the mistaken belief that the matter would remain open and could be made the subject of another proceeding."

In their action against the Keystone Wagon Works, Brandenburg & Company asserted that they had a claim for so and so much against the company, and as the ground for that assertion alleged the existence and provisions of the contract of February 1, 1907; performance of their duties under it, involving numerous sales between March 1 and November 29, 1907; their right to percentages according to it amounting to a certain sum; a designated expenditure at defendant's request for a designated purpose; the fact that adding this expenditure to the aggregate of the percentages coming to them, and giving defendant the credits it was entitled to, their claim was as stated.  For it they got and accepted a verdict and judgment.  In the words of Mr. Justice MOSCHZISKER, in Stradley v. Cement Co., 228 Pa. 108, 115:

"The entry of the judgment judicially ascertained these facts, and as that judgment stands unreversed and unappealed from, those facts are in law absolute and cannot be gainsaid in another proceeding."

That is to say, Brandenburg & Company having stated their claim under the contract as measurable upon such and such a basis, and as amounting to such and such a figure, and all this having been adjudicated as being the fact, they cannot now be permitted to say that it was not the fact, but that their claim under the contract was to be measured on a broader footing and amounted to so and so much more. They had the opportunity in that action of including all that was coming to them under the contract and payable at the time the suit was brought. It is not necessary to say that the contract was an entire one in the sense that but one action could be maintained upon it for what became due to Brandenburg & Company under it. It may be regarded as more consonant with the intention of the parties, in view of the subject-matter they were dealing with (and such is the controlling consideration: see Phœnix Silk Mfg. Co. v. Reilly, 187 Pa. 526, 534, and cases there cited), that the failure of the company at any appointed period during the running of the contract to pay what up to that time had become due would entitle the agents from time to time to sue therefor. The point is that after the contract had come to an end, all that then remained payable to the agents under it constituted one entire claim, which, under the rule stated and its application in such cases as Buck v. Wilson, 113 Pa. 423; Raisig v. Graf, 17 Pa. Superior Ct. 509, could not be split up into distinct demands for so much due up to such a date, so much up to another, and so on, and proceeded for separately; and that therefore, when the agents came to sue upon the contract and alleged that under it their present claim was such and such, and a judgment to that effect was entered, they became estopped from alleging thereafter that at that very time their claim under the contract was something different and greater. Of course there is nothing in the language of the Supreme Court in Brandenburg v. Coxe, 228 Pa. 212, which can be understood as deciding or intimating that the demand there made upon the receiver might still be made upon the com-

pany. When it was said of that demand that "for it they have the same remedies as other creditors," it was simply intended to say that their remedy was not against the receiver with the effect of obtaining a preference over other creditors, but that, if they had a remedy, it was the same as that of other creditors of the company against the latter. The language of a judicial opinion is always to be understood with reference to the question presented for adjudication: Erie Ry. Co. v. Com., 66 Pa. 84, 88. The question presented in Brandenburg v. Coxe, 228 Pa. 212, was solely whether the particular claim there made was one against the receiver or against the company. Whether or not its assertion against the latter was still permissible in view of the suit to No. 36, Nov. T., 1908, was not involved. The effect of that proceeding, not being in the case, was not in any way passed upon.

The conclusion thus appears unavoidable that this first ground of exception to the auditor's allowance of Brandenburg & Company's claim is well taken. It may be confessed that this conclusion has been reached with reluctance and with a disposition to escape from it if possible; not only because it contravenes the opinion of the learned auditor which is entitled to great respect, but also because its effect is, by the interposition of a rigid rule of the law, to bar a claim without reference to its merits and equities. Lest this might appear to operate harshly against a claimant who has acted in good faith, it is proper not to rest the decision upon this ground only, but to discuss also the remaining contention of the exceptant.

2. This contention does not hang upon the formal circumstance that the shipments subsequent to the appointment of the receiver were made by him and not by the company. It is that after and by reason of the company's insolvency and the commencement of the receivership there was no further right in Brandenburg & Company to claim the payments provided for by the contract, or any payments whatever.

The contract is a peculiar one. It was pointed out in

the decision of Brandenburg v. Coxe, 228 Pa. 212, that the payments to be made by the wagon works to Brandenburg & Company monthly were not a percentage "upon the price of this or that particular body, etc., or of all the bodies, etc., they had found purchasers for, but a sum equal to ten per cent upon the aggregate sales of bodies, etc., shipped by the company during the preceding month, no matter by whom sold,—and so on until the termination of the contract by its expiration or of the business of the company by its insolvency." As shown by the specified dates of the beginning and ending of the contract, and the apparent understanding and practice of the parties under it: see Bower v. Walker, 220 Pa. 294, the "preceding" month was that running from the first of one month to the first of the next in which the payment therefore became due. In consideration of these payments Brandenburg & Company were to render certain continuing services in the effecting and promoting of sales for the company and to abstain from any attempts to sell the product of any competing manufacturer. In other words, we have here a contract whereby, for a period beginning February 1, 1907, and ending July 1, 1910, Brandenburg & Company agree to render certain continuing services and to maintain a certain relation to the company in exchange for certain periodical payments to be made by it to them, which payments are not to be measured by the services rendered to it by Brandenburg & Company during the preceding interval, but by the aggregate of the business done by the company during the same. The payment, therefore, falling due in any given month was not a compensation for specific services rendered in any preceding period. It was an installment of the compensation stipulated in return for the services contemplated by the contract as continuing from the inception to the termination of the contract,—services already and still being and still to be rendered. The obvious analogy is that of an employment of a person for a designated period at a salary to be paid in periodical amounts, their quantum and there-

fore their aggregate being in this instance left to determination by a measure to be applied as they fell due. Under such an arrangement it is manifest that the moment the contract comes to an end, the liability of the one party to make payment to the other under it ceases, regardless of the question whether the former is still benefiting by the latter's past services or not. It is written that the soundness of a proposition is often best tested by looking at the results to which it leads: Mayer v. Walter, 64 Pa. 283, 286, taking an extreme case: Philadelphia v. Scott, 81 Pa. 80, 88. Suppose the company to have prospered in its business, the contract between it and Brandenburg & Company to have run to its contemplated expiration on July 1, 1910, all the monthly payments accruing upon shipments up to that date to have been made, and yet the company then to have had on its hands and under construction any quantity of bodies, etc., under orders sent in previously by Brandenburg & Company,—could it be contended that they, having ceased performing any services to the company,—having perchance become the sales agents for a competing concern,—could go on demanding monthly accountings and payments from the company upon the basis of its entire output, partly, it may be, on orders from other agents, until every one of the orders sent in by Brandenburg & Company had been worked up and filled? Assuredly the contract does not so say, nor would there be any equity in such a view of it. On the other hand, to hold Brandenburg & Company in the event indicated entitled to further payment of percentages calculated, not upon the basis of the entire output, but on that portion of it traceable to the particular orders sent in by them, would be to introduce into the contract something it nowhere contains, something altogether inconsistent with what it does contain,—in a word, to that extent to make a new contract for the parties ex æquo et bono, which cannot be done: Weaver v. Shenk, 154 Pa. 206, 208. Yet one or the other of these things necessarily, logically flows from the position presently taken by

Brandenburg & Company. This contract came to an end on November 29, 1907, by virtue of its own terms and the failure of the receiver to continue it. Thereupon the claim of Brandenburg & Company was for "all payments then due,"—i. e., for the monthly payments provided for by the contract which were past due and became due in December, 1907, on shipments made up to the first of that month. Beyond that they had no claim. Any further liability on the part of the company to them could arise only on the theory that Brandenburg & Company were still rendering the continuing services in contemplation of which, as an essential and integral part of their undertaking, the continuing compensation was by the contract made payable. In truth, with the contract those services were at an end, and with them the right and liability to further compensation.

It would appear, therefore, that, as these parties in their contract fixed their mutual rights and liabilities, there is nothing inequitable or unfair in rejecting the demand now made by Brandenburg & Company as one not supported by the contract. And upon this point again, there is nothing to the contrary to be gathered from the decision in Brandenburg v. Coxe, 228 Pa. 212. The question there was as to who were to be deemed parties to the contract sued upon. Here it is as to the construction and effect of the contract between the ascertained parties to it. When it was there said that, the contract being between the company (and not its receiver) and Brandenburg & Company, the latter's claim under it was "perfect," "complete" at the date of the commencement of the receivership, the reference was of course to such claim as upon a proper construction of the contract might be found to exist against the company. It was not declared whether the precise claim asserted by Brandenburg & Company did or did not so exist. For the purposes of the case it was assumed that it might, and upon that assumption, the most favorable possible one to them, it was held that there was no right to recover against the receiver.

Whether in truth there was anything due to Brandenburg & Company by the company, under the contract, was not a question in the case, and hence remained undiscussed and undecided in, and in no way concluded by that decision.

It follows that, whilst upon the ground first discussed, standing alone, we should be compelled to negative the right of Brandenburg & Company to share in the distribution beyond the judgment recovered by them in No. 36, Nov. T., 1908, the second ground equally precludes them therefrom. It is thus apparent that they lost nothing by splitting their claim into two, and bringing separate actions, in one of which they failed. Had it been presented as a whole in No. 36, Nov. T., 1908, there could have been no recovery beyond what was actually there recovered. As to the remainder (the part now before us) they would have been bound to fail.

The exceptions to the auditor's report are sustained and the distribution made by him is directed to be revised and modified accordingly.

*Errors assigned* were in sustaining exceptions to auditor's report.

*Cyrus G. Derr*, for appellants.

*Joseph R. Dickinson*, with him *J. Bennett Nolan*, for appellee.

OPINION BY HEAD, J., March 3, 1911:

After due consideration of the record and briefs of counsel, we are all convinced that the decree entered by the learned judge of the common pleas was the correct one. The reasons supporting the conclusion he reached are so well stated by him in the opinion he filed that we do not deem it necessary to attempt to restate or elaborate them. We therefore affirm the decree.

Decree affirmed.