Connie WILLIAMS, Plaintiff–Appellee,

v.

DAVENPORT COMMUNICATIONS LIMITED PARTNERSHIP, Defendant–Appellant.

No. 88–354.

Court of Appeals of Iowa.

Feb. 23, 1989.

M. Leanne Tyler, Davenport, for defendant-appellant.

Patrick W. Driscoll of Stanley, Rehling & Lande, Davenport, for plaintiff-appellee.

Considered by OXBERGER, C.J., and DONIELSON and HAYDEN, JJ.

DONIELSON, Judge.

Defendant appeals the district court ruling which granted plaintiff's motion for summary judgment on her claim for unpaid commissions under Iowa Code section 91A.4. Plaintiff previously collected unpaid commissions after a small claims action. In this suit she sought commissions which accrued after she quit her job. Defendant claims the district court erred in granting the motion for summary judgment.

Plaintiff Connie Williams was employed by defendant Davenport Communications Limited Partnership (KLJB) as an account executive. Her compensation was based on a straight percent commission on all net accounts. Connie voluntarily quit her employment on February 16, 1987. On April 14, 1987, she instituted a small claims action for $661 in unpaid commissions and attorney fees pursuant to Iowa Code Chapter 91A. A judgment was entered against KLJB in small claims court and it paid the judgment for $973. Connie then filed a release and satisfaction.

On September 8, 1987, Connie instituted an action in district court asking for additional unpaid commissions of $1,736, plus liquidated damages, attorney fees, and costs. KLJB, which was not represented by an attorney but by its president, argued that Connie should not be able to separate her claims and that she was not entitled to additional commissions. Connie filed a motion for summary judgment, and the district court granted the motion. The court found that KLJB intentionally failed to pay commissions. Under section 91A.4, KLJB was made liable for $1,736 of unpaid wages, liquidated damages of $1,736, and attorney fees and costs of $316.40. KLJB now appeals the ruling of the district court.

I. KLJB claims the trial court erred in granting Connie's motion for summary judgment. KLJB argues that Connie was not entitled to a summary judgment as a matter of law and reasonable inferences that could be drawn from the evidence do not support summary judgment when considered in the light most favorable to the nonmoving party.

The law on summary judgments was recently summarized in *Northrup v. Farmland Industries, Inc.*, 372 N.W.2d 193, 195 (Iowa 1985).

Summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Iowa R.Civ.P. 237(c). The burden of showing the nonexistence of a material fact is upon the moving party. Every legitimate inference that reasonably can be deduced from the evidence should be afforded the resisting party, and a fact question is generated if reasonable minds can differ on how the issue should be resolved. [citations omitted]

With these principles in mind we look to the record before the court in the summary judgment action. Plaintiff's motion for summary judgment was supported by her sworn statement of undisputed facts in support of motion for summary judgment. No resistance or response was submitted by defendant. Plaintiff satisfied her burden of showing no genuine issue of material fact.

Defendant KLJB argues that even with the facts as presented by Connie Williams, she was not entitled to summary judgment as a matter of law. KLJB contends that Connie should not be allowed to split her claim for commissions arising from one employment contract, as a matter of law.

Both sides have cited the case of *Williams–Abbott Electric Co. v. Model Electric Co.* in support of their positions. 134 Iowa 665, 112 N.W. 181 (1907). This case dealt with the sale of goods on account. Although the sales were at different times and for different orders, payment for all sales which had matured constituted a single demand, failure to claim a matured item in the suit was a bar to future recovery in a separate suit. *Id.*, 134 Iowa at 671, 112 N.W. at 183. However, before

reaching this result, the court distinguished the cases where payments are not yet due and payable. Individual suits may be maintained as the claims mature. *Id.*, 134 Iowa at 670–72, 112 N.W. at 183.

It is undisputed that the fees for advertising sold by Connie Williams were not due and payable until the advertisement was shown on television. Connie was not entitled to her commissions until that time. Therefore, she was entitled to bring this separate action and not barred as a matter of law.

■ KLJB also argues that summary judgment was not appropriate in this case because Iowa Code section 91A.4 is inapplicable to an employee who voluntarily ceases employment. KLJB contends that this statute only applies to employees who are involuntarily terminated or suspended.

Iowa Code section 91A.4 (1987) provides: When the employment of an employee is suspended or terminated, the employer shall pay all wages earned, less any lawful deductions specified in section 91A.5 by the employee up to the time of the suspension or termination not later than the next regular payday....

"Termination" is not defined within the statute. *See* Iowa Code § 91A.2. The supreme court has not ruled on this specific issue; however, it has ruled on a case involving employees who voluntarily quit their jobs. *See Halverson v. Lincoln Commodities, Inc.*, 297 N.W.2d 518 (Iowa 1980).

Faced with this issue here, we must construe the statute as written. We must search for the legislative intent from the words used, and we cannot substitute what they should or might have said. Iowa R.App.P. 14(f)(13).

The verb "terminate" means: "1. to form the end of 2. to put an end to; stop 3. to dismiss from employment; fire." Webster's New World Dictionary 617 (1984). Involuntary cessation is only one meaning of the word "termination." The term is broad enough to include voluntary quits.

The short title of Iowa Code Chapter 91A is the "Iowa Wage Payment Collection Law." Iowa Code § 91A.1. The purpose of this act is to facilitate the collection of wages owed to employees after they leave a job. Therefore the word "termination" in this statute should be construed in its broadest sense to include all situations where the employee-employer relationship is permanently severed.

If the legislature intended to include only involuntary terminations, then it should say so. We cannot restrict the statute's meaning in this way. Therefore, we find that Connie Williams' claim is covered under this Code chapter. Furthermore, as a matter of law it has been established that she is entitled to payment for the commissions in question. Summary judgment was properly granted, and the decision of the district court is affirmed.

II. In accordance with the provisions of Iowa Code section 91A.8, Connie Williams is entitled to court costs and any usual and necessary attorney fees incurred in recovering the unpaid wages. The district court awarded her the trial fees. She is now requesting her costs and fees on appeal. Therefore, we remand this matter to the district court to receive evidence on this issue and to grant her an award consistent with this opinion.

AFFIRMED AND REMANDED.